(November 29, 1979)

WILLIAM CHILDRESS et al., Plaintiffs, and ED EPSTEIN et al., Appel-

lants, v ELIAHU LIPKIS et al., Respondents.—Order, Supreme Court, New York County, entered May 18, 1979, denying plaintiffs' motion for preliminary injunction, is affirmed, without costs. Plaintiffs tenants seek a preliminary injunction (a) tolling and staying the effect of a so-called 10-day notice to cure, dated January 10, 1979, and (b) enjoining the landlords from commencing summary proceedings in the Civil Court. In addition to serious disputed questions as to the ultimate rights of the parties, we think that the preliminary injunction was properly denied for these reasons: As to tolling the 10-day notice to cure, the alleged default is the occupancy by tenants of the premises for residential purposes. If this is indeed a default, there would be no practical way to cure this other than the tenants moving out. In the circumstances, there is no point to tolling the running of the 10-day period. If, on the other hand, the tenants are right and their occupancy is not a default, then there is nothing to cure. As to the branch of the injunction seeking to restrain the institution of holdover summary dispossess proceedings in the Civil Court, tenants can urge, at least in *defense* of those actions, their contentions by way of legal or equitable defenses. If for any reason it appears that the jurisdiction of the Civil Court will be inadequate to give the parties full relief, the parties can move to consolidate the Civil Court action with the present action in the Supreme Court for a declaratory judgment. (Cf. *Barak v 28 E. 6262 Realty Corp.,* 70 AD2d 543.) We should not at this stage preclude landlords from choosing whatever forum they wish in which to bring their suit in the first instance. We note that on the oral argument defendants' attorney conceded in personam jurisdiction over defendant Eliahu Lipkis. Concur—Murphy, P. J., Birns and Silverman, JJ.; Fein, J., dissents in a memorandum, and Bloom, J., dissents in part in a memorandum, as follows.

Fein, J. (dissenting). Appellants, tenants of loft premises at 71-33 Franklin Street, are parties to summary proceedings for eviction in Civil Court. All but one of the appellants had two-year leases dating as far back as 1975. Each alleges that at the time of moving in, substantial outlays of cash were made on the understanding that the premises would be used for residential purposes. The landlord assured them that descriptions of the premises in the leases as "artist studio" and "creating and doing business in art" were just formalities. Some of the appellants describe their premises at that time as already designed or constructed for living, with full residential bathroom, kitchen, washer and dryer. For these quarters a substantial fixture fee had to be paid to the outgoing tenants, out of which the landlord extracted his own fee as "key money." Others substantially improved their premises after moving in, all assertedly with the knowledge and tacit approval of the landlord. Indeed, several of the appellants point to the landlord's apparent pride in later showcasing these improved lofts to visitors. In each case appellants allege that these substantial cash outlays for purchase of fixtures or improvements to the premises were undertaken in reliance on the landlord's oral promise to extend or renew the lease for an additional term upon expiration, because occupancy for only two years would not have justified the sizable investments. One of the appellants never did receive a lease, and none was offered a renewal. Continuing as month-to-month tenants (some paying increased rent pursuant to what they considered to be the new rate under the originally promised renewal), all but one were served in December, 1978 with 30-day notices to terminate tenancy. Within two weeks, all the holdover tenants were additionally served with 10-day notices to cure by immediate cessation of residential occupancy. Following commencement of the summary proceedings in Civil Court, appellants and

others brought the instant action in Supreme Court for declaratory relief to the effect that they were not in violation of their leases, and for specific performance of the agreements to renew the leases. Instead of serving complaints, appellants moved for a stay of the running of the notices to cure their alleged leasehold violations by reason of "residential occupancy", and for a preliminary injunction against the summary holdover proceedings in Civil Court pursuant to the 30-day termination notices, pending determination of the actions for specific performance. Appeal is from the order denying such relief. The majority characterizes the attempt to stay the notices to cure as meaningless because there would be nothing to cure if appellants are not in default by reason of the manner of their occupancy. But assuming appellants are correct, this is precisely why a stay of the running of these notices is required, to stave off a default which would merely be an additional ground for eviction. Allowing the cure period to run could be fatal to appellants' future rights in litigation *(First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630; *150 East 57th St. Assoc. v Fletcher,* 35 AD2d 947). The leases can be read as intending residential occupancy. *(Lipkis v Pikus,* 72 AD2d 697, affirming on the majority opinion at Appellate Term). Any cure would require joint action by the landlord and the tenants, as *Lipkis (supra)* recognizes. Apparently the same landlord is there involved, and those premises are loft premises similarly occupied and altered under similar leases. A stay of the running of the 10-day cure notices is requisite. The majority would further deny a preliminary injunction against the holdover proceedings because the declaratory relief sought below is supposedly available to appellants in the Civil Court action. It is not disputed that the Civil Court is the proper forum for summary proceedings, but what is not clear is the authority of the Civil Court to entertain appellants' request for the declaratory relief sought in the instant proceeding. While section 743 of the Real Property Actions and Proceedings Law does afford tenants in Civil Court the opportunity to interpose equitable defenses and counterclaims in summary proceedings, there is no authority for the equitable affirmative relief of specific performance that appellants seek here. The majority concludes that this bridge can be crossed when it is reached in the Civil Court proceedings by a motion to consolidate with the instant action in Supreme Court, but such is not always the case (see *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794). We have recently held that specific performance of an option to buy is not available to tenants in conjunction with a holdover proceeding in Civil Court *(Barak v 28 E. 6262 Realty Corp.,* 70 AD2d 543). There the landlord's proceeding for nonpayment of one month's rent was commenced in Civil Court only *after* the tenants had brought suit in Supreme Court on an option to purchase. The tenants appealed denial of injunction against the summary proceeding, *pendente lite,* and consolidation of that proceeding in Supreme Court. We reversed to the extent of granting consolidation on the ground that disposition of the summary proceeding in Civil Court "would not dispose of all issues" as to the tenants' rights under their leases. We did not pass on the denial of injunctive relief only because not appealed from and because consolidation obviated the need for such relief. Plaintiffs here do not seek consolidation. They seek an injunction because the Civil Court has no jurisdiction to grant specific performance or a declaratory judgment. The fact that a future consolidation motion might be granted is hardly a ground for denying relief to which plaintiffs are entitled. We have held that a tenant is entitled to a stay of proceedings to terminate a lease pursuant to a notice to cure, pending resolution of the rights of the parties to the lease in a declaratory

judgment action in the Supreme Court (*Wuertz v Cowne,* 65 AD2d 528). For the same reasons there should be a stay of the Civil Court actions here. I would reverse the order appealed from and grant the motion for a preliminary injunction *pendente lite,* conditioned upon appellants' payment of the rent at the current rates.

Bloom, J. (dissenting in part). I agree with my Brother Fein that a preliminary injunction tolling and staying the effect of what purports to be a 10-day notice to cure is proper. However, I find inappropriate so much of the relief applied for as seeks to enjoin defendants from commencing summary holdover proceedings in the Civil Court under the 30-day notice to vacate. As the majority points out, should such proceedings be initiated the proper method for procuring a disposition of all of the issues now in controversy between the parties would be to effect a consolidation of any summary proceeding bottomed upon the 30-day notice with this action (cf. *Barak v 28 E. 6262 Realty Corp.,* 70 AD2d 543). Accordingly, I would modify the order appealed from to grant a temporary injunction tolling and staying the effect of the 10-day notice and, except, as so modified, affirm.