OPINION OF THE COURT
Margaret Taylor, J.
The uncontested facts as sworn to in plaintiff’s verified complaint and affidavit in support of this motion are as follows:
Since April, 1979, plaintiff has resided in his rent-controlled apartment pursuant to an agreement with the prime tenant creating a valid sublease through December 31, 1985. The sublease was undisputed and undisturbed, and the defendant landlord accepted rent from plaintiff through July, 1980. This quiet enjoyment was interrupted, however, when the landlord refused plaintiff’s August, 1980 rent check. A 30-day notice to cure dated August 29, 1980 was allegedly served upon the prime tenant for permitting occupancy by persons other than the prime tenant or his immediate family. This was followed by a notice of termination dated September 18, 1980.
*623 On October 30, 1980 plaintiff commenced this action in the Supreme Court. He seeks:
(1) declaratory judgment that (a) plaintiff is a legal subtenant and as such is entitled to continued occupancy of the apartment, and (b) that the notices were invalidly served.
(2) $100,000 damages caused by defendants’ interference with that legal subtenancy.
(3) an order enjoining defendant from disturbing plaintiff’s possession of the premises and from instituting summary proceedings as defendant promised to do in the notice of termination of September 18, 1980.
Defendants did not interpose an answer to this complaint but rather, demonstrating that theirs were not idle threats, in fact commenced a summary dispossess proceeding in the Civil Court by notice of petition dated November 7, 1980.
This motion for a preliminary injunction of the Civil Court proceedings was brought on by order to show cause returnable November 21, 1980. On the return date this court stayed those proceedings pending determination of this motion.
It is hornbook law that: “[W]here separate actions have been instituted between the same parties in reference to the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it.” (Colson v Pelgram, 259 NY 370, 375.)
Resolution of the dispute between these parties in either forum will of necessity adjudicate the right to possession of the premises. While both courts are competent to adjudicate that issue, it would be improper for the court with prior jurisdiction not to enjoin the subsequent proceeding. (Madison Ave. Specialties v Seville Enterprises, 40 AD2d 784; Lee v Waldorf Astoria, Supreme Ct, NY County, Index No. 13327/77, Helman, J.) In this case, plaintiff’s first cause of action seeks declaratory relief which is beyond the jurisdictional purview of the Civil Court and can only be *624 adjudicated in this forum. (CCA, § 208; see Wuertz v Cowne, 65 AD2d 528.)
It is thus altogether appropriate in this case for this Supreme Court to restrain defendants from proceeding with the subsequent action in the Civil Court.
The landlord interposes a “Yellowstone” argument to the effect that this court cannot grant injunctive relief to a tenant who did not obtain a temporary restraining order before the period for curing the default had expired. (First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630.) The case at bar has a very different complexion, however, for in Yellowstone, the Appellate Division had affirmatively found that the tenant had breached a covenant of the lease (supra, at p 636). Thus, the court was without the power to toll the period to cure so that the tenant could prevent the forfeiture (supra, at p 637).
In this case no such breach has been found as Mr. Dayman’s undisputed sworn allegations clearly demonstrate the validity of the sublease and the landlord’s continuous acceptance of Mr. Dayman as a subtenant. Distinguishable also is the case of Childress v Lipkis (72 AD2d 724) in which the court on similar grounds refused to extend the time for tenant to cure the alleged default. The subtenant sub judice asks not to toll the running of the period to cure a default, but contends instead that there is no default to cure. If, as seems likely, the subtenant can establish his entitlement to remain in possession of the premises, the landlord’s serving a notice to cure and the expiration of a 10-day period to do so will become irrelevant.
Defendant further cites Childress as precedent for the Supreme Court declining to restrain the pending Civil Court action. That case’s invocation on this point is altogether unpersuasive, however, for the Childress outcome is completely consistent with the court of first jurisdiction rule enunciated above. The Yellowstone issue had no bearing on the choice of courts issue in Childress. Since in Childress the Supreme Court injunction was sought after the landlord instituted summary proceedings in the Civil Court, the Civil Court was the proper forum for resolving *625 that dispute, being the first court of competent jurisdiction. To be distinguished is Mr. Hayman who began this action in the Supreme Court before the defendant had commenced the holdover proceedings in the Civil Court.
Since this is the first court of competent jurisdiction to acquire jurisdiction of this matter, here it shall remain. Accordingly, the subtenant’s motion to enjoin the landlord’s summary dispossess proceedings in Civil Court pending determination of the Supreme Court action is granted. The circumstances, however, call for an early trial of all the legal and equitable issues raised. The landlord’s right to a speedy determination of the issues should not be delayed by the tenant’s right to pursue his rights in this court. (Lee v Waldorf Astoria, supra.) The order to be entered herein should provide for a speedy trial on a date to be fixed in that order as well as suggestions as to the amount of the bond to be ordered.