■ RICHARD PODOLSKY et al., Appellants, v GREG HOFFMAN et al., Respondents. — Order, Supreme Court, New York County (Evans, J.), entered February 13, 1981, denying plaintiff tenants' motion to stay the running of a 10-day period to cure an alleged lease violation and for a preliminary injunction to stay the commencement or continuance of any summary eviction by defendant landlords unanimously reversed, on the law and the facts, with costs and disbursements, and the stay and preliminary injunction granted. Special Term denied plaintiffs' motion, holding that they had failed to demonstrate the possibility of irreparable harm or the probability of success and that they had an adequate legal remedy by way of equitable defenses to any summary eviction proceeding in Civil Court. Under section 711 of the Real Property Actions and Proceedings Law, however, a landlord may institute a summary proceeding only after the tenancy has expired, or, in this case, after the 10-day period to cure has run and the landlord had served a notice of eviction. Before the expiration of the 10-day period, a tenant may seek a stay tolling the notice to cure until a declaration of the parties' rights may be had *(First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630). Since Civil Court lacks jurisdiction to grant a stay, *Yellowstone* warrants a grant by Supreme Court (and a preliminary injunction to avoid possible conflicts between the two courts) without determination of either side's likelihood of success. Because the plaintiffs have a substantial property interest in their lease their right to cure must be preserved to ensure that if they prevail on the merits their success will not be nullified by the lease having been terminated *(Wuertz v Cowne,* 65 AD2d 528; cf. *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794, where the tenants'

rights were not prejudiced by a civil court resolution). *Childress v Lipkis* (72 AD2d 724), relied upon by Special Term, is not to the contrary. There, if the tenants were occupying commercially leased space as a residence, the only possible cure, in the holding of the court, was their removal, and, if they were not, there was nothing to cure. Here, the alleged violation, a noxious odor emanating from plaintiffs' apartment, does not require termination of the lease to effect a cure. Concur — Ross, J. P., Markewich, Bloom, Fein and Lynch, JJ.