■ LARRY FINLEY et al., Appellants, v PARK TEN ASSOCIATES, Respondent. LEE McCABE, Appellant, v PARK TEN ASSOCIATES, Respondent. GERALD CITRON et al., Appellants, v PARK TEN ASSOCIATES, Respondent. — Orders of the Supreme Court, New York County (Bookson, J.), entered February 3, 1981, denying temporary injunctive relief to plaintiffs, reversed, on the law and the facts, and the motions for such relief granted, with one bill of $50 costs and disburse-ments of these appeals. Appeal from order of the Supreme Court, New York County (Bookson, J.), entered January 27, 1981, denying the motion of plaintiff McCabe for a temporary injunction dismissed, without costs, the matter having been settled or otherwise disposed of. These actions all involve a single issue. All plaintiffs are represented by the same attorneys as are the

defendants. Each plaintiff seeks a declaration that he or it is not in violation of the terms of his or its lease, or if it be found that such violation exists, that he or it be granted time to cure such violation. The building involved is an apartment house located at 10 West 66th Street, New York City. In each case the plaintiff or plaintiffs entered into a lease with Net Realty Holding Trust Co., the then landlord of the premises. Each lease contained a paragraph providing that: "The demised premises and any part thereof shall be occupied only by Tenant and members of the immediate family of Tenant, and as a strictly private dwelling apartment and for no other purpose". Notwithstanding this provision, plaintiffs were assured ·by the then landlord's managing agent that the apartments could be utilized for commercial purposes. Indeed, in the Finley-International Tape Association, Inc., case, a supplement to the lease was executed by the parties specifically authorizing use of the apartment for office purposes, subject to cancellation of the lease in the event that such use was determined to be violative of law. In the Citron case, a similar supplement to the lease was entered into permitting the use of a Telex machine and video recorders in the apartment. No such supplement was entered into with Overseas News and Information Services, Inc., nor with McCabe. However, since McCabe and the landlord have disposed of their dispute, that matter is no longer before us. In each case the apartment was used, in fact, for office or commercial purposes. Defendants, having become the landlord of the premises, served notices by mail on each defendant, by separate letters dated September 4, 1980, that the plaintiffs were in "substantial default" of the terms of their leases by reason of their use of the apartments for commercial purposes and demanded cure of the default by September 21, 1980. This was subsequently extended. Rent for the month of October, 1980 was paid and accepted. Ultimately, letters fixing the termination date of the leases as October 20, 1980 were received by plaintiffs. In the interim these actions were commenced. Each of the plaintiffs sought a temporary injunction for the purpose of tolling the running of the time to cure the alleged violation. *(First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630; *150 East 58th St. Assoc. v Fletcher,* 35 AD2d 947.) Special Term denied the motion, holding that the arguments asserted by plaintiffs are properly defenses to a summary proceeding. We disagree. Where a summary proceeding is bottomed upon violation of a substantial covenant of the lease the proceeding may not be instituted until after the time to cure has expired. If the tenant has improperly assessed the circumstances, the result may well be disastrous for the time to cure has run and the lease is at an end. However, where a *Yellowstone* temporary injunction has been granted the period within which to cure is tolled. If then it be determined that the tenant's evaluation was improper, there still remains time to cure. Here, the cure is simple conversion from a nonconforming to a conforming use. A temporary injunction is warranted in order to toll the running of the time to cure. Because of the nature of the problem the standards normally applicable to temporary injunctive relief have little application to a *Yellowstone* situation. In the latter case the purpose is to preserve the *status quo* pending a determination of whether, in fact, there has been a breach of a substantial obligation of the lease. Concur — Birns, J. P., Ross, Markewich, Bloom and Fein, JJ.