■ RICHARD N. RUNES, Appellant, v DOUGLAS ELLIMAN-GIBBONS & IVES et al., Respondents. — Order of the Supreme Court, New York County (Evans, J.), entered January 6, 1981, denying plaintiff's motion for a temporary injunction, modified, on the law, the facts and in the exercise of discretion, to extend the time of plaintiff to cure the alleged breach of a substantial provision of the lease until 15 days after the termination of this action, upon the same terms and conditions as are contained in our order staying the order of Special Term pending this appeal, all without prejudice to a proceeding to evict plaintiff for nonpayment of rent or to any other proceeding which defendants may deem appropriate, and the order appealed from is otherwise affirmed, without costs. Plaintiff, the owner of a co-operative apartment in premises 44 West 77th Street, New York City, brought this action in December, 1979 to recover for breach of the warranty of habitability incident to his proprietary lease (Real Property Law, § 235-b), and for other alleged violations of the terms of the lease. On January 1, 1980, he stopped paying the rent provided for in the lease. Rather than bring a proceeding to evict for nonpayment, in which event plaintiff would have the right to abort defendants' right to evict by payment into court at any time prior to the issuance of the warrant of eviction (RPAPL 751, subd 1), defendants elected to treat the failure to pay as a default in complying with a substantial covenant of the lease. They served the plaintiff with a notice to cure by December 4, 1980. By letter dated December 1, 1980, the expiration date of the notice to cure was extended to December 11, 1980. Plaintiff thereupon moved for a temporary injunction under *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630). Special Term denied the relief sought. We modify, to grant it upon the same terms and conditions laid down in our order staying the order of Special Term pending this appeal, without prejudice to a proceeding to evict for nonpayment or to any other action or proceeding which defendants may deem appropriate in the circumstances. Absent a *Yellowstone* injunction, plaintiff's failure to cure the alleged defect within the time specified would terminate the lease. While the defense of breach of the warranty of habitability could be litigated in *any* eviction proceeding, if the plaintiff's assessment of his rights proved erroneous he would be without relief and a valuable proprietary lease would be the forfeit. On the other hand, if the proceeding were based on nonpayment, the right to cure, i.e., to make payment, would continue until the issuance of the warrant. In these circumstances, we are of the opinion that the temporary injunction should have issued to preserve the *status quo* subject to the terms and conditions specified. Concur — Sandler, J.P., Carro, Silverman and Bloom, JJ.