■ JOSEPH J. CASPI, Appellant, v MADISON 79 ASSOCIATES, INC., Respondent. — Order, Supreme Court, New York County (G. B. Smith, J.), entered September 3, 1981, which denied plaintiff's motion for an injunction, unanimously modified, on the law and the facts, and in the exercise of discretion, to grant the motion to the extent of temporarily enjoining defendant from terminating plaintiff's proprietary lease and tolling the running of the period in which plaintiff may cure an alleged default until 15 days after termination of plaintiff's action against defendant in the Supreme Court, New York County (Index No. 9685/81), on condition that all arrearages in excess of $14,800 be paid from the special account established pursuant to this court's order of October 1, 1981; that plaintiff pay to defendant all future monthly maintenance as it accrues; that by February 1, 1982 plaintiff notice his claim against defendant in Supreme Court, New York County (Index No. 9685/81) for trial; all without prejudice to an appropriate proceeding to evict plaintiff for nonpayment of his obligations to defendant; and the order is otherwise affirmed, without costs. Plaintiff is a tenant shareholder in the building owned by defendant co-operative corporation. A dispute between the parties arose over damages allegedly caused by defendant's failure to make repairs. Plaintiff's action for declaratory judgment (Supreme Court, New York County, Index No. 5178/80) was settled by stipulation under which defendant was obligated to do certain repair work within 30 days. Six months later, plaintiff commenced a new action (Supreme Court, New York County, Index No. 9685/81) alleging breach of the stipulation in defendant's failure to do particular work and also terming the resulting condition a breach of the warranty of habitability and a constructive eviction. Damages of $14,800 were sought. Plaintiff stopped paying maintenance charges on March 1, 1981. On June 19, 1981, defendant served a notice of default, with a 10-day period to cure, based upon plaintiff's failure to pay maintenance and other charges. The parties' proprietary lease provided for a termination thereof upon the failure to cure the nonpayment of rent within 10 days of written notice of such default. Within 10 days, plaintiff commenced this action and obtained an order to show cause staying the running of the 10-day period and all other action of defendant with respect to the termination of plaintiff's proprietary lease (cf., *First Nat. Stores v Yellowstone Shopping Center*, 21 NY2d 630). Though Special Term denied the instant application for an injunction, the running of the time to cure has remained tolled to this date. A temporary injunction is necessary to preserve the *status quo* so that plaintiff tenant does not face the risk of forfeiture of his proprietary lease while his underlying claims against defendant landlord, including that of breach of the warranty of habitability, remain outstanding (*Runes v Douglas Elliman-Gibbons & Ives*, 83 AD2d 805; *Podolsky v Hoffman*, 82 AD2d 763). However, in these circumstances, this measure, designed to protect against the forfeiture of tenant's substantial property interest, should not provide a license to withhold the monthly maintenance and other charges from the defendant co-operative corporation,

which is but a formal association of plaintiff's fellow tenants, for an indefinite period of time. Accordingly, we limit the temporary injunction to the terms and conditions specified herein. Concur — Murphy, P. J., Birns, Sullivan, Lupiano and Bloom, JJ.