OPINION OF THE COURT
Stanley L. Sklar, J.
THE ISSUE
The issue presented is whether a tenant has presented a justiciable claim entitling him to a “Yellowstone” injunction extending his time to cure an alleged default under his lease resulting from his use of the premises as his residence, when he is willing to pay the entire cost of amending the certificate of occupancy of the premises so as to cure the alleged default. The court holds that the tenant has made the necessary showing of a justiciable claim entitling him to a preliminary injunction.
THE FACTS
On October 10, 1974, the landlord of the building at 970 Park Avenue, in Manhattan, secured an amendment to the certificate of occupancy for that building. The amendment changed the units on the basement floor from “one apart *794 ment, one doctor’s apartment and office, four servants’ rooms and two doctor’s offices” to “three apartments, one doctor’s apartment with offices, and two doctor’s offices”.
A month later, L. Carl Demler answered an advertisement in the New York Times for a “spacious two bedroom apartment on the ground floor ‘as is’ $650 per month”. Demler rented the apartment. He claims that he told the landlord’s agent that he worked as a restaurant facilities planner, but that he wanted an apartment primarily for residential use. The landlord prepared a lease, which Demler signed. The lease provided that the apartment would be used only as a semiprofessional unit for facility planning.
Demler then installed a bathtub and kitchen facilities, allegedly with the landlord’s knowledge and permission. Demler subsequently signed two renewal leases with his current landlord. The last renewal lease provided for a rental that Demler believed exceeded the guidelines of the Rent Stabilization Association. He therefore, on March 12, 1982, filed a rent overcharge complaint.
On July 12, 1982, the landlord served a notice of default on Demler. The notice claimed that Demler was using the apartment for living purposes although the certificate of occupancy permits the apartment to be used only for professional purposes. The notice gave Demler 10 days to cure that alleged violation of the current lease.
The department of buildings has not filed a violation against the building regarding Demler’s tenancy. Demler states that, if necessary, he is willing to pay for the entire cost of applying for an amended certificate of occupancy so that his apartment may properly be used as a residence. A licensed architect submitted an affidavit on Demler’s behalf stating that, under the relevant zoning resolution, Demler’s apartment could be used as a residence. He asserts that any illegality in Demler’s current use of his apartment is technical only, and could be cured by an amendment to the certificate of occupancy. He states that no application for a variance would be required.
Demler has moved for a preliminary injunction tolling the running of the 10-day time period set forth in the notice of default and extending his time to cure until 15 days after determination of this action.
*795 “THE YELLOWSTONE APPLICATION”
The landlord here has argued, in part, that a preliminary injunction should not be granted, because Demler has not made the showing ordinarily required by an applicant for a preliminary injunction, namely, that: (1) he will ultimately likely prevail on the merits; (2) he would suffer irreparable hardship if the injunction were not granted; and (3) the equities weigh in his favor.
The landlord errs in these arguments. This application is what is called a “Yellowstone” motion, referring to the decision in First Nat. Stores v Yellowstone Shopping Center (21 NY2d 630). This court recently held that the three usual requirements for a preliminary injunction do not apply on a “Yellowstone” motion. Rather, since this is an application to preserve the status quo and the court’s jurisdiction, an injunction must issue when two factors are shown to be present. First, a notice to cure has been served with the potential of the subsequent service of a notice to terminate the lease, thereby ending the court’s jurisdiction. Second, the tenant has asserted a justiciable claim that he is not in default. Only when the claim is totally lacking in merit should the injunction be denied. (Oliver v 434 East 58th St. Assoc., NYLJ, Aug. 4, 1982, p 7, cols 1-2.) Here, it is clear that the notice of default contains a notice to cure.
THE TENANT HAS A JUSTICIABLE CLAIM
Equally clear, Demler has presented a justiciable controversy.
First, he argues that the landlord’s action in serving the notice to cure constitutes the first step in an effort at a retaliatory eviction. He says that the eviction is sought because he dared to assert his rights under law by complaining to the Rent Stabilization Association about what he believes is a rent overcharge. Retaliatory evictions are prohibited. (Matter of Volpicelli v Leventhal, 48 AD2d 660.)
Second, the landlord urges that Demler has not presented a justiciable claim because this case is governed by the decision of the Appellate Division, First Department, in Childress v Lipkis (72 AD2d 724). In Childress the court held that loft tenants were not entitled to a “Yellowstone” *796 injunction where the alleged default was illegal occupancy by the tenants of the premises for residential purposes and where, if there actually was a default, it could only be cured by the tenants moving out. The landlord’s reliance on Childress is misplaced.
Unlike Childress, a practical cure of any violation of law may be at hand without any cost to the landlord. Demler has offered to cover the cost of securing an amendment to the certificate of occupancy, which application, in this case, would not require any variance.
Also, Childress was decided by a 3 to 2 majority, and more recent decisions of the Appellate Division, First Department, stress the need to preserve the status quo on a “Yellowstone” application without a weighing of the ultimate likelihood of success of either party. (Podolsky v Hoffman, 82 AD2d 763; Finley v Park Ten Assoc., 83 AD2d 537; Runes v Douglas Elliman-Gibbons & Ives, 83 AD2d 805.)
Finally, the existence of a violation does not automatically entitle the landlord to an eviction. The issue is whether there is, as is urged by Demler, a practical method available to cure the illegality without resort to eviction. (Cf. H. Casabianca, Inc. v Connobbio, 205 Misc 380; H.I.M. Props. Corp. v Gross, 6 Misc 2d 666; Matter of K & G Co. v Reyes, 52 Misc 2d 606.) Demler has presented a justiciable claim.
For the foregoing reasons, a preliminary injunction is granted tolling the running of the 10-day period until 10 days after the determination of this action, and the landlord is enjoined, until then, from instituting any proceeding to evict the tenant based on this alleged default. Settle order, including suggestions as to the amount of security to be posted by the tenant.