■ AMEURASIA INTERNATIONAL CORP., Appellant, v FINCH REALTY COMPANY et al., Respondents. — Order of the Supreme Court, New York County (Richard Lee Price, J.), entered June 24, 1982, which denied plaintiff Ameurasia International Corp.'s motion seeking to enjoin both defendants from terminating its lease and extending plaintiff's time to cure its alleged violation of the lease, is reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted upon condition that plaintiff-appellant continues to pay for the use and occupancy of the premises at the previous rate ordered, pending a determination of the action. Upon the failure of plaintiff to comply with this condition, the order appealed from is affirmed, without costs. An immediate trial is ordered to determine if plaintiff-appellant has breached a substantial obligation of its lease. Appellant in this case did make a timely motion within the 10-day cure period to preserve the *status quo,* as required by *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630). While the *Yellowstone* court held that even when relief is timely sought, the court must have some basis upon which to grant it (*First Nat. Stores v Yellowstone Shopping Center, supra*), in *Podolsky v Hoffman* (82 AD2d 763), this court ruled that: "*Yellowstone* warrants a grant [of a stay tolling the notice to cure] by Supreme Court * * * without determination of either side's likelihood of success. Because the plaintiffs have a substantial property interest in their lease their right to cure must be preserved to ensure that if they prevail on the merits their success will not be nullified by the lease having been terminated". This court found such a result especially appropriate in *Podolsky* (*supra*), where the alleged lease violation did not require termination to effect a cure. (See, also, *Caspi v Madison 79 Assoc.,* 85 AD2d 583; *Runes v Douglas Elliman-Gibbons & Ives,* 83 AD2d 805.) In the instant case, appellant's proprietary rights will be forfeited absent a temporary injunction. It should be noted that the relief herein granted has been substantially agreed to by the respondents, in writing. There having been no problem in payment of rent, the motion for preliminary injunction should have been granted. Concur — Kupferman, J. P., Sandler, Carro, Asch and Markewich, JJ.