■ HERZFELD & STERN, Appellant, v IRONWOOD REALTY CORPORATION, Respondent. — Order, Supreme Court, New York County (Stecher, J.), entered March 1, 1984, denying plaintiff's motion for a *Yellowstone* injunction pending determination of the underlying action for a declaratory judgment that plaintiff had not substantially violated the terms of its lease, unanimously reversed,

on the law, without costs or disbursements, the motion granted and an immediate trial of the underlying action directed. ¶ Paragraph 11 of the lease in question provides that the tenant may not sublet or assign the lease without the landlord's consent. The lease also contains a further provision, stating: "Notwithstanding any provision in Article 11 of this Lease to the contrary, Tenant shall have the right, upon ten days' prior written notice to Landlord, to sublet all or part of the demised premises to any affiliate or subsidiary of Tenant, or to any brokerage firm which clears through Tenant, provided, however, that in the case of any such subletting Tenant remains an actual occupant of a part of the demised premises during the period of any such subletting." ¶ On January 16, 1984 plaintiff, the tenant, entered into a sublease with Herzfeld & Stern, Inc. and Fundamental Advisors, Inc., its alleged affiliate and subsidiary, respectively. Upon receipt of the requisite 10-day notice of sublease, in which plaintiff asserted that it was retaining a portion of the premises for its own use, defendant, the landlord, served a notice of default based on an unauthorized sublease of the premises or assignment of the lease. Some months earlier, according to published reports, Josephson International, Inc. had agreed to acquire the business and assets of plaintiff, a partnership. Plaintiff advised defendant of the impending acquisition and sought its written consent to an assignment of the lease, which consent was refused. The acquisition was thereafter structured so that Herzfeld & Stern, Inc., a Delaware corporation and wholly owned subsidiary of Josephson, took the acquisition on Josephson's behalf. Notwithstanding the sale of its name, business and assets on January 3, 1984, plaintiff claims that it was not formally dissolved and that its partners formed a new partnership called CKL Partners. That same day, January 3, 1984, plaintiff advised defendant of its intent to sublease the premises jointly to its purported affiliate, Herzfeld & Stern, Inc., Josephson's subsidiary, and to its subsidiary, Fundamental Advisors, Inc. As already noted, such a sublease was eventually executed on January 16, 1984. In its notice of default, based on this alleged unauthorized subleasing, defendant gave plaintiff 10 days to cure. Plaintiff thereafter commenced an action for declaratory and injunctive relief and sought a preliminary injunction which would, *inter alia,* toll plaintiff's time to cure any default. ¶ Special Term denied the motion, finding that there was no practical way to cure the alleged default. Since that finding was made in the face of conflicting affidavits as to plaintiff's ability to cure, we believe that the motion should not have been denied. Where, as here, a tenant denies any default and demonstrates that the landlord has given notice of default, and that a period of time remains within which to cure the tenant is entitled to a grant of preliminary relief. (*First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630.) Since the tenant risks forfeiture of its leasehold, and "the law does not favor [such] forfeiture" (*Vanguard Diversified v Review Co.,* 35 AD2d 102, 105), the tenant need not, as a prerequisite to the granting of a *Yellowstone* injunction, demonstrate a likelihood of success on the merits. (*Ameurasia Int. Corp. v Finch Realty Co.,* 90 AD2d 760; *Caspi v Madison 79 Assoc.,* 85 AD2d 583; *Runes v Douglas Elliman-Gibbons & Ives,* 83 AD2d 805; *Finley v Park Ten Assoc.,* 83 AD2d 537, 538; *Pololsky v Hoffman,* 82 AD2d 763.) Nor is a tenant required to prove its ability to cure prior to obtaining a *Yellowstone* injunction. The proper inquiry is whether a basis exists for believing that the tenant desires to cure and has the ability to do so through any means short of vacating the premises. Unlike *Childress v Lipkis* (72 AD2d 724), where the tenants were occupying commercially leased space as a residence and could not cure without vacating the premises, here it is not at all clear that the legal relationship between plaintiff and its affiliate and subsidiary, the sublessees, could not be changed in order to prevent a forfeiture of a valuable leasehold. In such

circumstances the *Yellowstone* injunction should have been granted so as to maintain the *status quo* and to afford plaintiff the opportunity to cure should it be found in default in its lease obligations. ¶ We have made provision for an immediate trial so that the preliminary stay is used as a shield, not a sword. Concur — Kupferman, J. P., Sandler, Sullivan, Silverman and Fein, JJ.,