■ F.J.W., INC., Appellant, v DUKE EQUITIES, INC., Respondent. — In an action to declare the rights of the parties pursuant to a lease, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered April 16, 1984, as determined that a preliminary injunction was not available as to certain of the alleged breaches of the lease.

Order reversed insofar as appealed from, with costs, and defendant is enjoined from any termination of the lease or commencement or continuation of a summary proceeding except a pending nonpayment proceeding between these parties (as to which the Appellate Term for the Ninth and Tenth Judicial Districts rendered a decision and order dated Aug. 14, 1984, which vacated a default judgment against the tenant) based upon any of the grounds set forth in the notice of election to terminate the lease dated October 11, 1983.

Special Term acted properly in granting an injunction to preserve the status quo and to stay any termination of the lease until the parties' respective rights and obligations under paragraph 61 of the lease had been declared (*First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630; *Ameurasia Intl. Corp. v Finch Realty Co.,* 90 AD2d 760). However, plaintiff seeks an adjudication of rights and obligations as to all of the violations alleged in defendant's notice, not just as to those directly related to paragraph 61 of the lease. Moreover, the other alleged violations are related to those based on paragraph 61 and all these issues should be resolved together. To be effective, the preliminary injunction should apply to all of the violations alleged in defendant's notice. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.