OPINION OF THE COURT
David B. Saxe, J.
This is a motion by the plaintiff for a preliminary injunc *280 tion, pursuant to CPLR 6301, enjoining the defendants from proceeding to terminate plaintiffs right to possession to certain premises. Defendant Omabuild N. V. is the lessor of certain premises leased by plaintiff as lessee. Defendant Cushman and Wakefield is Omabuild’s agent.
In May 1987, a "safety platform” or "sidewalk bridge” was erected between the building in which the subject premises are located (14 East 60th Street, New York City), and an adjacent building under construction and known as 650 Madison Avenue. This "bridge” was positioned in such a way that it gave access to the second floor premises leased by plaintiff. By means of this access, the plaintiff suffered burglaries on two occasions and sustained property damage and business losses. Plaintiff has commenced a cause of action in negligence against the defendants for failing to provide proper security countermeasures which could have prevented the burglaries. The bridge has since been dismantled.
It is not disputed that the plaintiff has withheld rent since November 1987. On February 17, 1988, plaintiff was served by the defendants with a "72-hour notice”' to either pay the arrears in rent, or vacate the premises. Plaintiff herein seeks a preliminary injunction under the authority of First Natl. Stores v Yellowstone Shopping Center (21 NY2d 630).
Ordinarily, the applicant for a preliminary injunction must demonstrate a likelihood of success on their merits, irreparable harm if the application is denied, and a balancing of the equities in the applicant’s favor (Yan’s Video v Hong Kong TV Video Programs, 133 AD2d 575, 578). However, the requirement on an application under Yellowstone are less stringent. Under Yellowstone (supra), the court will grant injunctive relief to preserve the status quo, and maintain a lease in effect until a dispute between landlord and tenant over an alleged breach of the lease can be decided on its merits (see, Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs., 115 AD2d 381, 382). However, there is no authority for the position taken by plaintiff that a Yellowstone injunction is warranted when the breach of the lease in issue is the tenant’s refusal to pay the rent. Where the court has granted injunctive relief to preserve the status quo, in the absence of the payment of rent, it has been in those situations where the tenant has been deprived of such essential services as heat, hot water and elevator service (see, Corris v 129 Front Co., 85 AD2d 176, 177). In such a case, the court will condition the *281 ordered restoration of services on current payment of rent (supra, at 180).
The purpose of the Yellowstone injunction is to preserve the tenant’s right to possession pending a determination as to whether a breach of the lease has occurred, and if so determined, pending the tenant’s cure of the breach (Finley v Park Ten Assocs., 83 AD2d 537, 538). A tenant seeking a Yellowstone injunction must also "convince the court of his desire and ability to cure the defects by any means short of vacating the premises”. (Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs., supra, at 382.) Here, there is no dispute as to the breach of the lease inasmuch as the plaintiff may not be relieved of the obligation to pay rent so long as it occupies the premises (see, Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 80-86). Nor has plaintiff shown its willingness to cure its default by prompt payment (see, Cemco Rests, v Ten Park Ave. Tenants Corp., 135 AD2d 461, 463).
To grant the plaintiff’s application under these circumstances would be an abuse of the power to enjoin. It would be tantamount to an unauthorized attachment of the rent due to the landlord as security for the plaintiff’s independent cause of action for damages. The very fact that the plaintiff’s complaint herein seeks monetary damages and only damages demonstrates the inappropriateness of the remedy of injunctive relief. Where plaintiff may be adequately compensated for its damages by monetary relief for the defendant’s negligence, as it seeks in its complaint, and where there is no present condition that interferes with its enjoyment of the leasehold, then relief pursuant to CPLR 6301 should not be granted (Yan’s Video v Hong Kong TV Video Programs, 133 AD2d, supra, at 578).
Accordingly, the plaintiff’s motion is denied in all respects, and the temporary restraining order of February 22, 1988 is vacated within 72 hours of service of a copy of this decision and order with notice of entry.