■ WILLIAM F. BERGHOLD et al., Respondents, v SAMUEL KIRSCHENBAUM et al., Appellants. [669 NYS2d 887] —In an action, *inter alia*, for a judgment declaring that the plaintiffs are in compliance with the terms of a lease, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated January 7, 1997, which granted the plaintiffs' motion to preliminarily enjoin them from terminating the lease on the condition that the plaintiffs post an undertaking in the sum of $125,000.

Ordered that the order is affirmed, with costs.

The plaintiffs have demonstrated the elements necessary to establish their entitlement to a preliminary injunction prohibiting the defendants from seeking to terminate their lease pending a determination of the underlying dispute (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630; *Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership*, 224 AD2d 591; *Matter of Langfur*, 198 AD2d 355). Furthermore, a commercial tenant is not required to admit that it is in default in order to seek a *Yellowstone* injunction so long as it stands ready to cure any defaults in the event that it is "determined that the tenant's evaluation" of the circumstances was "improper" (*Finley v Park Ten Assocs.*, 83 AD2d 537, 538).

The defendants have failed to substantiate their contention that the trust, to which the lease was assigned in 1965, is no longer in existence or not "the real party in interest" (*see, Brignoli v Balch, Hardy & Scheinman*, 178 AD2d 290). Their conclusory allegations concerning the existence of the trust clearly fail in the face of the evidence presented by the

plaintiffs that the trust is viable and has not been dissolved. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.