■ 37TH STREET ENTERPRISES, INC., et al., Respondents, v 500-512 SEVENTH AVENUE ASSOCIATES, Appellant. [697 NYS2d

601] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about April 28, 1999, which granted plaintiffs' motion for a *Yellowstone* injunction on condition that plaintiffs pay certain past due and future use and occupancy, post a bond in the amount of $2,000, and tender proof of insurance, all within deadlines set by the court, unanimously affirmed, with costs.

Plaintiff tenants met the necessary criteria to obtain a *Yellowstone* injunction by showing that they (1) hold a commercial lease, (2) received a notice of default/notice to cure from the landlord, (3) made an application for injunctive relief prior to the termination of the lease, and (4) have the desire and ability to cure the alleged defaults (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630; *Empire State Bldg. Assocs. v Trump Empire State Partners*, 245 AD2d 225, 227). Based on the hearing testimony, the motion court properly found that plaintiff tenants exercised diligence in responding to the cure notice. The application for *Yellowstone* relief was timely and the court properly granted said relief notwithstanding defendant landlord's belated and apparently meritless claim that plaintiffs had irremediably breached a material obligation of the parties' lease by failing to obtain certain insurance. Contrary to defendant's contention, the motion court did not improvidently exercise its discretion by failing to place more stringent conditions upon the relief afforded plaintiffs (*see*, CPLR 6212 [b]). Finally, we note that, although defendant contends that the motion court failed to quantify use and occupancy, that was accomplished by the court in a subsequent order. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.