■ ERS ENTERPRISES, INC., Appellant, v EMPIRE HOLDINGS, L. L. C., Respondent. [729 NYS2d 23] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about December 8, 2000, which denied plaintiff's motion for a *Yellowstone* injunction and other preliminary injunctive relief, unanimously modified, on the law and the facts, the matter remanded for hearing on the issues of whether unclean hands preclude plaintiff from obtaining *Yellowstone* relief, and whether plaintiff is entitled to injunctive relief in regard to the claim that a new certificate of occupancy reduced the permissible seating capacity for the cellar portion of its leased premises, and otherwise affirmed, without costs.

Under the facts presented and the circumstances alleged, the motion court erred in denying plaintiff's motion for *Yellowstone* relief without a hearing. Initially, it appears that plaintiff has met the test for granting *Yellowstone* relief (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630): (1) it holds a commercial lease; (2) it has received from the landlord a notice of default; (3) the application was made prior to the termination of the lease; and (4) it has the desire and ability to

cure the alleged default by any means short of vacating the premises (*see, Jemaltown of 125th St. v Betesh/Park Seen Realty Assocs.*, 115 AD2d 381; *Finley v Park Ten Assocs.*, 83 AD2d 537). The court erred in concluding as a matter of law that plaintiff no longer has the ability to cure the alleged default by any means short of vacating the premises, as required for *Yellowstone* relief (*see, 37th St. Enters. v 500-512 Seventh Ave. Assocs.*, 266 AD2d 28). Indeed, defendant does not suggest that the breaches alleged in its default notice are incurable. Rather, it argues that the court properly denied the *Yellowstone* injunction because the record demonstrates that plaintiff is not *willing* to cure the violations. We find nothing requiring such a finding. The cases cited by defendant involve situations in which the tenant either affirmatively indicated its refusal to cure (*see, Metropolis Westchester Lanes v Colonial Park Homes*, 187 AD2d 492), or acted in a thoroughly blatant fashion to demonstrate that it had no intention of curing an obvious breach, should it be found in violation of the lease (*see, e.g., Cemco Rests. v Ten Park Ave. Tenants Corp.*, 135 AD2d 461, *lv dismissed* 72 NY2d 840). Here, plaintiff has clearly stated its willingness to restore the premises to their prior condition, should the court find that defendant's permission was required.

The motion court acted precipitously in concluding that plaintiff had come to court with unclean hands and was therefore not entitled to seek relief. While someone apparently forged a signature purporting to be that of the owner's managing agent on plaintiff's permit application, it was premature to conclude that plaintiff either committed or was chargeable with the forgery, so as to preclude it from seeking judicial intervention. The record does not establish who forged the signature, or plaintiff's actual culpability. That a forgery was committed "on behalf of" plaintiff is not sufficient to foreclose it from a right to seek relief. Plaintiff should only be chargeable with the forgery where it would be legally liable for it, for instance, if it would have been reasonably expected that a person acting as agent for plaintiff would do such a thing (*see, Riviello v Waldron*, 47 NY2d 297, 303). This issue presents a question of fact (*see, Dykes v McRoberts Protective Agency,* 256 AD2d 2). Therefore, the determination that plaintiff came to court with unclean hands should not have been made here prior to a hearing on that issue (*see, Chai & Tantrakoon v Royal Realty Corp.*, 246 AD2d 398, 399).

The preliminary mandatory injunction sought by plaintiff with respect to defendant's approval of the work in question

was properly denied by the motion court. Plaintiff failed to demonstrate a likelihood of success on the merits, in view of the broad lease provisions which require the owner's permission before improvements are made to the premises, and specifically provide that the landlord's decision to grant or deny consent will be in its sole discretion. It is far from clear that the contemplated work consisted solely of non-structural alterations reasonably necessary to permit the tenant to carry on its business. Nor has plaintiff shown irreparable harm, since plaintiff may be compensated by money damages should the landlord's failure to sign off on the permit application be found to have been improper.

Plaintiff's suggestion that it be permitted to reopen while posting an undertaking to secure the landlord's right to require it to do any additional work that will be necessary to effect a full cure of the breach appears to be made for the first time on appeal. In any event, it must await the determination by the motion court, after a hearing, as to whether plaintiff is entitled to *Yellowstone* relief.

Finally, the motion court did not rule upon plaintiff's application for a preliminary injunction with regard to the claim of a drastic reduction of the seating capacity for the Iridium in a new certificate of occupancy issued in 1998. Our remand entails the hearing of this branch of plaintiff's motion as well. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.