■ TSI West 14, Inc., Appellant, v Samson Associates, LLC, Respondent. [778 NYS2d 29]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 28, 2002, which denied plaintiff's motion for a *Yellowstone* injunction, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Plaintiff operates a fitness center on the ground and second floors of the building at 36 West 14th Street pursuant to a 15-year commercial lease entered into with defendant on August 21, 1998. The lease agreement provides: "Tenant agrees not to make or allow to be made any vibration or noise that might interfere with the safety, comfort and well being of the other tenants in the building or interfere with the use and occupancy of such other tenant's [*sic*] premises" (art 46F).

Soon after the fitness center opened, defendant complained about noise and vibrations emanating from the premises. In response, plaintiff hired acoustical engineers to conduct various tests, contracted for certain changes to be made to the center's flooring to reduce the sound and vibrations generated by the treadmills and the dropping of free weights, and by the summer of 2000 had expended more than $100,000 to rectify the situation.

On August 9, 2001, defendant served plaintiff with a 15-day notice to cure default alleging that plaintiff was in violation of article 46F, among other provisions of the lease. On May 7, 2002, before the expiration of the time to cure, which had been extended to May 8, 2002, plaintiff served defendant with a complaint seeking, inter alia, a declaration that it was not in default of the lease. Plaintiff also moved for a *Yellowstone* injunction enjoining and restraining defendant from terminating its tenancy on the basis of the notice to cure default.

In a supporting affidavit, John Klein, director of development of TSI, disputed that plaintiff was in default of the lease but asserted that it had both the desire and the ability to cure the alleged defaults in the event that the court found that a cure was necessary. Klein submitted copies of reports and invoices reflect-

ing the above-cited engineering and contracting work as well as reports of additional surveys conducted in March and April 2001.

In opposition, Joseph Chira, managing member of defendant, maintained that plaintiff had not demonstrated a desire and ability to cure the defaults summarized in the notice to cure. He stated that from his mezzanine office he could still hear and feel the thud of weights dropping to the floor and that from the adjacent store, which he was trying to rent, he could hear the bouncing and thumping of participants in aerobics classes. Chira asserted that plaintiff had not seriously addressed the noise and vibrations issue but only applied "band aids." He also pointed out that all of the invoices submitted by plaintiff for remediation work predated the August 9, 2001 notice to cure.

The court improvidently exercised its discretion in denying the motion on the ground that plaintiff has not demonstrated its readiness, willingness and ability to cure its default. We find no support in the record for either the court's finding, on the motion papers, that plaintiff has not responded to defendant's extensions of time in good faith but instead "installed ineffective platforms and conducted pointless acoustical tests" or its statement that plaintiff's position is that, having spent more than $100,000 in responding to defendant's complaints, it need do no more. Nor does the record support the court's statement that "by its own account" plaintiff is either unable to cure its default or unwilling to cure because it now denies that any default exists.

Plaintiff has represented neither that it is unable to cure the alleged default nor, by its challenge to defendant's claim, that it is unwilling to cure. The cases advanced by defendant in support of its contention that plaintiff has not shown a willingness to cure the alleged default involve situations in which the tenant either affirmatively indicated its refusal to cure (*see Linmont Realty v Vitocarl, Inc.*, 147 AD2d 618 [1989]) or blatantly demonstrated that it had no intention to cure an obvious breach (*see Cemco Rests. v Ten Park Ave. Tenants Corp.*, 135 AD2d 461 [1987], *lv dismissed* 72 NY2d 840 [1988]). Here, plaintiff has stated its willingness to cure, should the court find that necessary (*see ERS Enters. v Empire Holdings*, 286 AD2d 206, 207 [2001]).

Plaintiff has satisfied its burden of establishing that it has both the desire and the ability to cure the alleged default by means short of vacating the premises by indicating in its motion papers that it is willing to repair any defective condition found by the court and by providing proof of the substantial efforts it

has already made in addressing the noise and vibrations condition (*see 225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420, 421-422 [1995]). This showing is not negated by plaintiff's challenge to the necessity of making further repairs (*see Terosal Props. v Bellino*, 257 AD2d 568, 569 [1999]). Moreover, since plaintiff risks forfeiture of its leasehold "and the law does not favor [such] forfeiture, [plaintiff] need not, as a prerequisite to the granting of a *Yellowstone* injunction, demonstrate a likelihood of success on the merits" (*Herzfeld & Stern v Ironwood Realty Corp.*, 102 AD2d 737, 738 [1984] [internal quotation marks and citation omitted]). Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.