■ BARUCH, LLC, Appellant, v 587 FIFTH AVENUE, LLC, Care of SOL GOLDMAN INVESTMENTS, LLC, Respondent. [842 NYS2d 442]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 18, 2006, which, in an action arising out of the issuance of a Department of Buildings (DOB) violation directing defendant building owner to immediately remedy an

unsafe exterior building wall, denied plaintiff net lessee's motion for a *Yellowstone* injunction, unanimously reversed, on the law and the facts, with costs, and the motion granted.

It appears that plaintiff, once advised of DOB's October 2005 notices reciting the "hazardous" condition of the building's wall and directing "immediate" performance of specified work to protect the sidewalk and public and make the wall safe, did precisely that, hiring the necessary contractors and obtaining the necessary permits to perform the specified work and remedy the problems with the wall, which, according to plaintiff's contractor, turned out to involve not simply isolated cracks or a single falling stone but significant structural deterioration of the facade and external walls. That the repair work had not been completed by the time of plaintiff's February 26, 2006 notice to cure does not show, as the motion court found, that plaintiff is unable to satisfy its lease obligation "promptly" to complete repairs. Nor, as defendant argues, is such inability shown by plaintiff's failure, in its March 15, 2006 order to show cause, to provide details of the steps it took after DOB's February 14, 2006 notice, cited by defendant as the basis of its notice to cure and requiring its filing of a certificate describing the work that had been done to correct the still open October violation. This argument, like the motion court's unduly literal reading of the word "promptly" in the lease, misses the larger realities of the extensive renovation work undertaken by plaintiff in the wake of the October notices. Such work by its nature is ongoing and, upon this record, does not appear susceptible of completion within the four-to-five-month time period framed by defendant's notice to cure and plaintiff's order to show cause. What is important is that plaintiff immediately took substantial steps to cure the violation and is actively working toward that end (*see TSI W. 14, Inc. v Samson Assoc., LLC*, 8 AD3d 51 [2004]). We are satisfied that plaintiff is acting as "promptly" given the nature of the hazard and the work required to remedy it. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.