Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 5, 2008, which denied defendant’s motion for partial summary judgment dismissing so much of the complaint as sought a stay and tolling of the expiration of the “cure period” and injunctive relief against termination of the lease and commencement of summary proceedings to evict pursuant to the first notice of default, unanimously modified, on the law, and upon a search of the record, plaintiff granted summary judgment permanently enjoining defendant from seeking to terminate the lease for alleged default under article 12, and otherwise affirmed, with costs in favor of plaintiff.
In 2003, plaintiff and defendant’s predecessor in interest entered into a lease for a store and basement premises for the purpose of running a “gourmet” food business. Article 12 (A) prohibited plaintiff from assigning or subletting the lease without defendant’s prior consent. However, article 12 (C) allowed plaintiff to assign the lease to a successor, purchaser or related corporate entity, provided, among other things, that the corporate transaction was not undertaken for the “principal purpose” of acquiring plaintiffs interest in the lease and that substantially the “same business” continue to operate at the premises. Moreover, article 12 (C) precluded plaintiff from circumventing the nonassignment provisions of article 12 (A) through a stock transfer, by providing that except as permitted therein, a transfer of a “controlling interest” in plaintiff’s shares “at any one time or over a period of time through a series of transfers” shall be deemed an assignment subject to all provisions of article 12, including the consent requirement.
*303 In June 2005, two of the three individual shareholders of plaintiff entered into an agreement involving a “swap” of their shares in plaintiff and another corporation, resulting in one of them transferring his entire 50% interest in plaintiff to the other. Thereafter, the third shareholder, who held 10% of the shares, commenced a dissolution proceeding, which was settled in May 2006, when the other remaining shareholder agreed to buy the 10% interest, thereby becoming plaintiffs sole shareholder. The sole remaining shareholder then informed defendant that he had acquired all outstanding shares, and intended to assign the lease to a newly created corporate entity through which he would continue the business. Defendant responded by sending a notice stating that plaintiff was in default of article 12 and giving it 30 days to cure.
Plaintiff applied for and was properly granted a Yellowstone injunction, having established all necessary criteria, including its willingness to cure any default by undoing the swap transaction (see Empire State Bldg. Assoc. v Trump Empire State Partners, 245 AD2d 225, 228-229 [1997]; Herzfeld & Stern v Ironwood Realty Corp., 102 AD2d 737, 739 [1984]). After the Yellowstone injunction was granted, defendant moved for summary judgment dismissing the complaint as it related to the claimed default under article 12 on the ground that the two share transfers together constituted an assignment, which required the landlord’s consent and was an incurable default as a matter of law.
Applying the longstanding rule that restrictions against assignment are disfavored as restraints on alienation and are to be construed strictly (Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69 [1978]), we find that even assuming the restriction on share transfers applies to transfers between and among persons who were shareholders at the time the tenant entered into the lease, the lease did not require defendant’s prior consent to either of the two share transfers. The two transfers were distinct transactions, undertaken almost a year apart and for separate purposes; they were not part of a “series of transfers” undertaken to transfer a controlling interest in plaintiff without defendant’s consent or to circumvent the lease’s nonassignment clause. Since the lease did not prohibit shareholders from transferring shares comprising less than a controlling interest in plaintiff, neither transfer was barred by the nonassignment clause (see Dennis’ Natural Mini-Meals v 91 Fifth Ave. Corp., 172 AD2d 331, 334 [1991], lv dismissed 78 NY2d 1124 [1991]).
Inasmuch as no factual issues remain to be resolved, plaintiff *304 is entitled to permanent injunctive relief. Concur—Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.