Sokoloff Arts Found. Inc. v Nur Ashki Jerrahi Community (2021 NY Slip Op 01524)





Sokoloff Arts Found. Inc. v Nur Ashki Jerrahi Community


2021 NY Slip Op 01524


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 153584/20 Appeal No. 13353N Case No. 2020-04533 

[*1]Sokoloff Arts Foundation Inc., et al., Plaintiffs-Appellants,
v
Nur Ashki Jerrahi Community, Defendant-Respondent.


Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens (Matthew J. Routh of counsel), for appellants.
Kossoff, PLLC, New York (Joseph Goldsmith of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 26, 2020, which denied plaintiffs' motion for a Yellowstone injunction, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to the motion court to set an undertaking.
Plaintiffs demonstrated their entitlement to a Yellowstone injunction by showing that they hold a commercial lease, they received a notice of default from defendant, they timely requested injunctive relief prior to the termination of the lease, and they expressed a willingness and ability to cure the alleged default by any means short of vacating the premises (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]). Defendant's argument that plaintiffs failed to explain specifically how they could cure the alleged default was contradicted by its principal's assertion that plaintiffs could cure by "simply removing their items from the aforementioned areas." Thus, given that there is no real dispute or confusion as to the means or ability to cure, plaintiffs' principal's repeated assertions that they would cure upon a finding of default is sufficient in this context to fulfill the fourth criterion for Yellowstone relief, as there is no requirement that plaintiffs take steps to cure an alleged default before any such judicial findings on the merits (ERS Enters. v Empire Holdings, 286 AD2d 206 [1st Dept 2001]).
Although the motion court appeared to find it significant that there was no area designated "women's dressing room" on the floor plan of the leased premises, we note that the area designated "women's locker room" — marked as "commercial tenant" space — appears adjacent to one of the disputed spaces marked as a "shared space" on the floor plan, and therefore the motion court should not have passed upon this aspect of the merits in rendering its decision, particularly in light of our longstanding determination that entitlement to a Yellowstone injunction does not require a tenant to demonstrate a likelihood of success on the merits (TSI W. 14, Inc. v Samson Assoc., LLC, 8 AD3d 51, 53 [1st Dept 2004]). We agree with defendant, however, that plaintiffs' significant rental arrears warrant the injunction to issue upon the condition that plaintiffs post an undertaking, and we remand to the motion court to determine the appropriate amount (61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., 173 AD2d 372, 372 [1st Dept 1991], lv dismissed 78 NY2d 1123 [1991]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021