New Deal Realty LLC v 684 Owners Corp. (2022 NY Slip Op 02344)

New Deal Realty LLC v 684 Owners Corp.

2022 NY Slip Op 02344

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 654899/21 Appeal No. 15686 Case No. 2021-03858 

[*1]New Deal Realty LLC, Plaintiff-Appellant,
v
684 Owners Corp., Defendant-Respondent.

Loanzon LLP, New York (Tristan C. Loanzon of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Eric M. Sable of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about October 15, 2021, which denied plaintiff's motion for a Yellowstone injunction, unanimously reversed, on the law, without costs, and the motion granted.
The parties do not dispute that plaintiff holds a commercial lease, it received a notice of default from defendant landlord for failure to pay rent, and that it sought injunctive relief prior to the termination of the lease (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]). We find that plaintiff has also demonstrated that "it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (id. [internal quotation marks omitted]). Plaintiff's managing member's affidavit that "[i]n the event . . . that the Court determines that [plaintiff] owes the rent demanded, [it] is ready, willing, and able to cure," is sufficient in that regard (see WPA/Partners v Port Imperial Ferry Corp., 307 AD2d 234, 236 [1st Dept 2003]). At this juncture, plaintiff is not required to prove its ability to cure; "rather, the proper inquiry is whether a basis exists for believing that [it] has the ability to cure through any means short of vacating the premises" (id. at 237 [internal quotation marks and brackets and ellipses omitted]; see also Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assoc., 115 AD2d 381, 382 [1st Dept 1985]; Herzfeld & Stern v Ironwood Realty Corp., 102 AD2d 737, 738 [1st Dept 1984]). Here, "plaintiff has the motivation and the plausible means of curing the default" (WPA, 307 AD2d at 237 [internal quotation marks omitted]).
"[T]he purpose of a Yellowstone injunction is to preserve the status quo, not to resolve the underlying merits of the parties' dispute" (Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549, 550 [1st Dept 2021]). Plaintiff's entitlement to a Yellowstone injunction does not require that it demonstrate a likelihood of success on the merits (Sokoloff Arts Found. Inc. v Nur Ashki Jerrahi Community, 192 AD3d 524, 525 [1st Dept 2021]). Instead, "[i]t can simply deny the alleged breach of its lease" (Artcorp Inc. v Citirich Realty Corp., 124 AD3d 545, 546 [1st Dept 2015]). Furthermore, even if plaintiff is ultimately found to be in breach of the lease, Yellowstone relief allows it to cure the defect and retain its tenancy (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 366 [2019]).
We have considered the parties' other arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022