■ PHYSICIANS PLANNING SERVICE CORP. OF CONNECTICUT, on Behalf of Itself and All Others Similarly Situated, Appellant, v 292 ESTATES, INC., Respondent. — Order, Supreme Court, New York County (Gomez, J.), entered January 15, 1982, denying plaintiff's application for a preliminary injunction to restrain defendant landlord from instituting a summary proceeding for eviction in Civil Court pending a declaratory judgment in Supreme Court, unanimously reversed, on the law, with costs and disbursements, the motion for a preliminary injunction granted as of the date of the order to show cause, and the matter remanded for disposition of the action for a declaratory judgment on condition that plaintiff tender to landlord all rent due and owing and that shall become due during the pendency of that action pursuant to the terms of the lease, without prejudice to landlord by the acceptance thereof. Prior to any notice or action by the landlord to terminate the lease for an alleged breach, plaintiff-appellant commenced its action for a judgment declaring that it was not in breach and moved for a temporary restraining order to preserve the *status quo*. This is the procedural path laid down by *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630). Plaintiff thus has recourse to the equitable power of the Supreme Court to toll the running of the period for curing any breach if one be found, a power not available to Civil Court which Special Term erroneously believed could give a complete remedy (see *150 East 57th St. Assoc. v Fletcher,* 35 AD2d 947). Concur — Kupferman, J. P., Markewich, Lupiano, Lynch and Milonas, JJ.

■

## (June 22, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEROY SMITHWICK, Respondent. — Order, Supreme Court, Bronx County (Rosenberg, J.), entered May 22, 1981, which set aside a jury verdict of conviction of murder, second degree, and criminal possession of a weapon, second degree, reversed, on the law, the verdict reinstated, and the case remanded to Supreme Court, Bronx County, for imposition of sentence. The evidence against defendant-respondent was overwhelming and sufficient to justify the verdict. After the jury retired, it requested the exhibits, which were delivered, inclusive of a photograph of the victim of a shooting lying dead in an elevator. The packet of exhibits sent to the jury included, in error, three other black-and-white photos of the same scene. Mistrial was requested, and the court conducted an immediate inquiry of the foreman. It was ascertained that the photos had not been examined by the jury and that the only discussion concerning them was centered on the circumstances of erroneous delivery. Before resuming deliberation the next morning, the jury was appropriately instructed to consider nothing not received in evidence by the court. We are of the opinion that the described error played no part in the jury's determination of guilt. We have examined the pictures and, considering them against the background of evidence of the manner of the homicide, we do not view them as unduly gruesome and they are certainly not inflammatory. In the circumstances the trial court should not have set the verdict aside. (See *People v Crimmins,* 36 NY2d 230.) Concur — Murphy, P. J., Markewich, Silverman, Fein and Milonas, JJ.