■ JEMALTOWN OF 125TH STREET, INC., Appellant, v LEON BETESH/PARK SEEN REALTY ASSOCIATES, Respondent.—Order of Supreme Court, New York County (Irving Kirschenbaum, J.), entered May 28, 1985 denying a motion for preliminary injunction and vacating a temporary restraining order, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion for a *"Yellowstone"* injunction is granted, with costs.

Plaintiff tenant appeals from an order denying a preliminary injunction to toll the period in which to cure lease violations asserted by defendant landlord. In 1980, the parties had entered into a 15-year lease for commercial property at 230-44 West 125th Street in Manhattan. The lease permitted commercial trade in "children's wear, shoes, domestics, houseware, giftware, toys, juvenile furniture, occasional furniture, and ladies' underwear and for no other purpose."

In March 1985 plaintiff received a letter from defendant's attorney, notifying it of five alleged lease violations to be "cured immediately", in default of which action would be taken to "terminate the Lease and dispossess" the tenant. The alleged violations were:

(1) Sale of items not contemplated in the lease, viz., electronics, stereos, televisions, etc.;

(2) Occupancy of space (second floor) not contemplated in the lease;

(3) Installation of heating and air conditioning on the second floor in violation of the building code;

(4) Improper insurance coverage; and

(5) Operation of the demised premises by an entity other than the named tenant.

In commencing this action for declaratory relief, plaintiff obtained a restraining order which temporarily enjoined defendant's threatened termination of the lease. However, in the order appealed from, the temporary restraining order was vacated and plaintiff was denied a temporary injunction to toll

the running of the period in which the purported lease violations had to be cured. Denial of such temporary relief under the circumstances would irreparably damage plaintiff by terminating its valuable leasehold without an opportunity to test the notice or cure any violation. Pending determination of this appeal, this court granted a stay against the running of the time to cure.

We need not consider here the merits of the list of purported lease violations or the vagueness of the notice as to time to cure. In denying a *Yellowstone* injunction *(cf. First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630) which would have given plaintiff an opportunity to challenge the notice to cure before the time to cure expired, Special Term applied the traditional criteria for obtaining preliminary injunctive relief, viz., the likelihood of ultimate success on the merits, a balancing of the equities, and the danger of irreparable harm *(Albini v Solork Assoc.,* 37 AD2d 835). But the purpose of the *Yellowstone* injunction is to maintain the status quo, by means of a temporary stay, while challenging the landlord's notice *(Finley v Park Ten Assoc.,* 83 AD2d 537). Rather than requiring the tenant to prove, on his application, that he can cure the alleged defects, all he need do to obtain the *Yellowstone* injunction is convince the court of his desire and ability to cure the defects by any means short of vacating the premises *(Herzfeld & Stern v Ironwood Realty Corp.,* 102 AD2d 737). A sufficient showing has been made here. It is plaintiff's substantial property interest in this lease that warrants preservation of its right to cure, in order to ensure that should plaintiff ultimately prevail on the merits, that victory will not have been nullified by prior termination of the lease *(Podolsky v Hoffman,* 82 AD2d 763).

In denying a *Yellowstone* injunction, Special Term applied the wrong standard for the relief sought. In so ruling, it is unnecessary for us to address the issue of the validity of the notice to cure by reason of its being sent by defendant's attorney, rather than by defendant itself. *(See, Siegel v Kentucky Fried Chicken,* 108 AD2d 218, *lv granted* by 2d Dept on Aug. 23, 1985.) Concur—Sullivan, J. P., Asch, Fein, Kassal and Ellerin, JJ.