■ LOUIS FRATTO, Doing Business as POUGHKEEPSIE PLAZA PHARMACY, Appellant, v RED BARN FARMERS MARKET CORP., Doing Business as BIG AL'S DEEP DISCOUNT, Respondent.—In an action for a judgment declaring, *inter alia,* the parties' respective rights under a sublease, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered July 22, 1988, which denied his motion for a preliminary injunction enjoining the defendant from, *inter alia,* terminating the sublease.

Ordered that the order is reversed, on the law, with costs, the motion is granted to the extent that the defendant and its agents are enjoined nunc pro tunc as of May 18, 1988, (1) from attempting to terminate the sublease between the plaintiff and the defendant, (2) from prosecuting any summary proceedings against the plaintiff for possession of premises arising from the defendant's service of the two notices of default, and (3) from interfering in any manner with the plaintiff's use of the premises, upon the condition that the plaintiff pay the rent specified in the sublease; and the motion is otherwise denied.

By order to show cause signed May 18, 1988, the plaintiff, who is a subtenant of the defendant, timely moved for a temporary restraining order and preliminary injunction tolling two 30-day cure periods which had commenced upon the defendant's service of two notices of default under the parties' commercial sublease. Although the order to show cause submitted by the plaintiff contained a stay of the cure period, the Supreme Court struck the stay, the result of which was that the cure period expired before the motion came on to be heard some weeks later. When the plaintiff's application for a preliminary injunction did come on before the court, it was denied on the ground that the expiration of the cure period precluded further relief under the principles of *First Natl. Stores v Yellowstone Shopping Center* (21 NY2d 630, *rearg denied* 22 NY2d 827). The court further reasoned that because the parties' opposing affidavits created issues which had to be resolved by a plenary trial, injunctive relief was inappropriate. We reverse.

The Supreme Court erred both in striking the stay contained in the plaintiff's order to show cause and in subsequently denying the plaintiff's motion for a *Yellowstone* injunction. By timely moving to toll the running of the cure period so as to maintain the status quo, the plaintiff adhered to the accepted and standard procedure enunciated by the Court of Appeals in the seminal case of *First Natl. Stores v Yellowstone Shopping Center (supra; see also, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 24-25). Contrary to the defendant's contentions, in the *Yellowstone* case *(supra),* injunctive relief was denied because the movant failed to make application for a stay until after the cure period had elapsed *(see, e.g., First Natl. Stores v Yellowstone Shopping Center, supra).* At bar, a timely application for a stay was made and erroneously denied *(cf., Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, 476, *affd* 62 NY2d 930; *Physicians Planning Serv. Corp. v 292 Estates,* 88 AD2d 852).

Moreover, the Supreme Court employed an erroneous standard in assessing the substantive propriety of the plaintiff's application for injunctive relief pursuant to the *Yellowstone* case. It is well settled that "the courts have granted *[Yellowstone* injunctions] routinely to avoid forfeiture of the tenant's interest and in doing so they accepted far less than the normal showing required for preliminary injunctive relief" *(see, Post v 120 E. End Ave. Corp., supra,* at 25; *see also, Continental Towers Garage Corp. v Contowers Assocs.,* 141 AD2d 390; *Cemco Rests. v Ten Park Ave. Tenants Corp.,* 135

AD2d 461, *lv dismissed* 72 NY2d 840; *Jemaltown of 125th St. v Betesh/Park Seen Realty Assocs.,* 115 AD2d 381; *Physicians Planning Serv. Corp. v 292 Estates, supra).* It is the plaintiff's substantial property interest in the lease that warrants preservation of his right to cure, in order to ensure that should the plaintiff ultimately prevail on the merits, that victory will not have been nullified by prior termination of the lease *(see, Jemaltown of 125th St. v Betesh/Park Seen Realty Assocs., supra,* at 382).

When examined within the context of the foregoing principles, it is our view that the plaintiff's application for a *Yellowstone* injunction should have been granted. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.