■ HEAVY CREAM, INC., Appellant, v EDWARD KURTZ et al., Respondents.—In an action for a judgment, *inter alia,* declaring the parties' rights under a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered May 3, 1988, as denied that branch of its motion which was for a preliminary injunction enjoining the defendants from, *inter alia,* terminating the lease.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for a preliminary injunction is granted.

In June 1987 the defendants served on the plaintiff a notice to cure which alleged certain violations of the parties' commercial lease. After the expiration of the cure period, the defendants commenced a summary holdover proceeding to evict the plaintiff from the premises. Shortly thereafter, the plaintiff commenced this action for a declaratory judgment and to enjoin the defendants from taking further steps to evict it. The plaintiff did not, however, move for a *Yellowstone* injunction so as to toll the running of the cure period, inasmuch as it had already expired *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630).

While the foregoing summary proceeding and action were pending, the defendants learned that the original notice to cure had been defective, since it had not been served upon the proper parties as designated by the lease. The defendants subsequently discontinued the holdover proceeding and, in April 1988—almost a year after service of the original notice —served a second notice to cure, alleging the same defects. The plaintiff timely moved by order to show cause for a temporary restraining order and a *Yellowstone* injunction to

toll the running of the new cure period. The temporary restraining order was granted, but the *Yellowstone* injunction was denied without opinion. We reverse the denial of the injunction.

It is well settled that, "the courts have granted [*Yellowstone* injunctions] routinely to avoid forfeiture of the tenant's interest and in doing so they have accepted far less than the normal showing required for preliminary injunctive relief" *(Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 25; *see also, Continental Towers Garage Corp. v Contowers Assocs.,* 141 AD2d 390; *Cemco Rests. v Ten Park Ave. Tenants Corp.,* 135 AD2d 461, *lv dismissed* 72 NY2d 840; *Jemaltown of 125th St. v Betesh/Park Seen Realty Assocs.,* 115 AD2d 381; *Physicians Planning Serv. Corp. v 292 Estates,* 88 AD2d 852). It is the plaintiff's substantial property interest in the lease that warrants preservation of its right to cure, in order to ensure that in the event the plaintiff ultimately prevails on the merits, that victory will not be nullified by the prior termination of the lease *(see, Jemaltown of 125th St. v Betesh/Park Seen Realty Assocs., supra,* at 382). At bar, the plaintiff has established that it holds a commercial lease, that it has received from the defendants a notice to cure threatening termination of the lease, and that it has the desire and ability to cure the alleged default *(see, Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390, *supra; Cemco Rests. v Ten Park Ave. Tenants Corp.,* 135 AD2d 461, *supra).* In view of the foregoing, it is our opinion that the plaintiff's application for a *Yellowstone* injunction should have been granted.

We point out in passing that we find it less than helpful for the Supreme Court to have denied the plaintiff's application without in any respect having expressed its reasons therefor. Mangano, J. P., Brown, Kunzeman and Sullivan, JJ., concur.