■ AMERICAN AIRLINES, INC., et al., Appellants, v ROLEX REALTY COMPANY, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered May 29, 1990, which denied plaintiffs' motion for a *Yellowstone* preliminary injunction, is unanimously affirmed, with costs and disbursements.

American Airlines, Inc. (American) is the commercial tenant of record of storefront space at 665 Fifth Avenue. Fifth Avenue Rug Exchange, Inc. (Rug Exchange) is the subtenant of part of said space leased to American, and Joneil Fifth Avenue (Joneil) is the undertenant of Rug Exchange. Rolex Realty Company, Inc. (Rolex) is the owner/landlord of the building. Joneil is subject to the terms of the overlease between American and Rolex and the terms of the sublease between Rug Exchange and American.

Pursuant to written notice to cure dated November 22, 1989, Rolex advised American of certain defaults under its lease, including Joneil's practice of advertising "out of business" or "selling-out" signs hand-taped on the windows and placing shredded newspapers on the floor, all of which served to give the general public the false impression that Joneil was going out of business. In accordance with the provisions of the lease, the notice afforded American until December 19, 1989 to cure the defaults. The notice was mailed to American as provided in the lease. In addition, a copy of the notice was mailed to Tulsa, Oklahoma, at an address designated by American for the mailing of rent disbursement notices. Upon receipt of the notice, American immediately advised Joneil in

writing on December 1, 1989 of service of the landlord's notice to cure and directed Joneil to "cease and desist" from the prohibited activities.

No cure was ever attempted during the effective time period nor did American seek a temporary restraining order tolling the running of the cure period. Subsequently, on January 5, 1990, Rolex terminated American's tenancy, which in any event would have terminated on January 16, 1990. Plaintiffs thereupon commenced this action seeking, *inter alia,* a *"Yellowstone* preliminary injunction" enjoining the termination of the lease of American and "tolling" Rolex's notice to cure and its termination notice.

Initially, plaintiffs urged that the requested relief should be granted since the landlord's notices were not mailed to the New York address specified in the lease. Once plaintiffs were confronted with defendant's documentary evidence which proved that the notices were sent to both the New York and Tulsa offices of American, plaintiffs abandoned this argument and claimed that the notices should have been sent to American's offices in Dallas/Ft. Worth. The IAS court rejected plaintiffs' improper service arguments and dismissed the "petition", holding that a *Yellowstone* injunction could not be granted after issuance of a notice of termination. Moreover, the court noted that Joneil had given no indication that it desired to cure the defaults.

As was held in *First Natl. Stores v Yellowstone Shopping Center* (21 NY2d 630), a commercial tenant is entitled to injunctive relief restraining a landlord from terminating a lease upon a showing that such relief is sought prior to the expiration of the tenant's cure period and prior to the issuance of a notice of termination from the landlord. The tenant must also convince the court of its desire and ability to cure. *(See, Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs.,* 115 AD2d 381, 382.) The tenants in this case have failed to fulfill any of the prerequisites for obtaining the requested injunctive relief.

Plaintiffs do not deny that they actually received the notice to cure on November 27, 1989 and that their request for injunctive relief was made long after the cure period expired. Their argument is that their application for a *Yellowstone* injunction was nevertheless timely since, according to plaintiffs, the landlord was required to serve the notice to cure at their Dallas/Ft. Worth address. We reject this argument in view of the requirement, under the lease, that a change of

address must be "designated by notice in writing". The record demonstrates that American never gave notice in writing that it was to receive notices in Dallas/Ft. Worth, as opposed to New York City. Nor had plaintiffs demonstrated a willingness and ability to cure the lease defaults. In fact, long after the notice to cure and notice of termination were served, Joneil continued the conduct complained of in the default notice. While American did send a letter to Joneil on December 1, 1989 demanding a cessation of such conduct, it never attempted to terminate Joneil's sublease or otherwise remedy the defaults. Plaintiffs' remaining arguments are similarly without merit. Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.