■ SLOAN'S SUPERMARKETS, INC., Respondent, v BARBELLEN PROPERTIES CORP., Appellant.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered February 24, 1992, which, insofar as appealed from, granted plaintiff's motion for a preliminary injunction, staying defendant from taking steps to terminate the lease between the parties, unanimously affirmed, with costs.

Service of the order to show cause upon the Secretary of State as agent for defendant corporation was effective to confer jurisdiction, and thus to toll the running of the period to cure, there being no dispute that diligent attempts by plaintiff to serve defendant at its only known office address, the home of its sole principal were unsuccessful. In fact, defendant concedes that it could not have been served there at that time since its sole principal and his wife were out of town. There being no other persons to serve pursuant to CPLR 311, plaintiff "did all that [it] could be expected to do to see that the corporation was properly served" *(Austrian Lance & Stewart v Rockefeller Ctr.,* 163 AD2d 125, 129).

Plaintiff met the test for *Yellowstone* relief, having demonstrated that it holds a valuable commercial lease, that it received a notice to cure, that it requested and received injunctive relief prior to the termination of the lease, and that it has taken steps to cure certain of the alleged defaults and stands ready to cure the other alleged defaults *(Garland v Titan W. Assocs.,* 147 AD2d 304, 308). We reiterate that in granting *Yellowstone* relief, "courts have generally accepted far less than the showing normally required for the grant of preliminary injunctive relief" *(supra,* at 307). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.