◼ LEXINGTON AVENUE & 42ND ST. CORPORATION, Respondent, v 380 LEXCHAMP OPERATING, INC., Appellant. [613 NYS2d 402] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered November 30, 1993 which, *inter alia,* denied defendant's motion for a *Yellowstone* injunction and granted plaintiff's cross-motion to amend its complaint, unanimously reversed as limited by defendant-appellant's briefs, with costs, defendant's motion is granted, defendant's counsel is directed to release to plaintiff all undisputed past due rents and additional rents being held in escrow, and defendant is directed to remit all undisputed future rents and additional rents as they become due directly to plaintiff. All contested submetered electrical charges shall continue to be held in escrow by plaintiff's attorney.

Defendant 380 Lexchamp Operating, Inc., which operates a Houlihan's restaurant, is the tenant of a portion of the street level, basement and sub-basement space (the Southwest corner of 42nd Street and Lexington Avenue) in the Chanin Building, which is located at 122 East 42nd Street, New York, New York. Defendant is the assignee of a lease between plaintiff-landlord Lexington Avenue & 42nd St. Corporation ("Lexington Avenue") and the assignor-tenant, Longchamps, Inc.

The Chanin family eventually sold their interest in plaintiff corporation and shortly thereafter, Lexington Avenue, under the new ownership, billed defendant for approximately thirty years worth of back electrical charges allegedly arising out of the tenant's use, operation and maintenance of a water cooling tower on the premises. Plaintiff sought to recover $493,014.67, for which defendant or its predecessor had never been billed. Subsequent to defendant's refusal to pay the charges, plaintiff commenced the within action. Defendant thereafter ceased all rent payments and began placing such monies in escrow with its attorneys.

Before defendant joined issue, it was served with a notice to cure, dated June 10, 1993, which asserted, *inter alia,* that defendant had failed to prevent certain fumes and odors from accumulating in the building, failed to maintain certain signage in good order, and failed to pay certain rent charges. Defendant moved for a *Yellowstone* injunction with respect to the notice to cure and also served an answer which interposed four counterclaims seeking, *inter alia,* permanent injunctive relief and the recovery of monies plaintiff had allegedly overcharged defendant in the past for submetered electrical charges. Defendant's motion for a *Yellowstone* injunction was subsequently disposed of pursuant to a stipulation dated August 18, 1993, which was so ordered by Justice Schwartz.

On or about September 7, 1993, plaintiff served a second thirty-day notice to cure asserting that defendant was in default for failing to pay certain rent and additional rent and, pursuant to Paragraph Fifteenth of the Lease, defendant's leasehold interest would terminate in thirty days if the defaults were not cured. Paragraph Fifteenth of the Lease states, in pertinent part: "In the event of the default in the payment of the rent or any installment of rent (including any amount, sums or charges herein reserved or referred to as additional rent) * * * Landlord shall have and hereby is given the right to terminate and end this lease * * * by giving Tenant thirty (30) days notice in writing, and upon the expiration of the time fixed in the said notice, if Tenant shall not have made good such defaults, this lease and the term hereby granted shall wholly cease and expire".

Defendant again moved for a *Yellowstone* injunction with respect to the second notice to cure and plaintiff cross-moved for leave to amend its complaint to set forth a claim for rent and additional rent due to date and requiring defendant to remit past due sums to plaintiff as well as all additional sums as they become due. The IAS Court denied the *Yellowstone*

injunction, finding that "[t]he issue is one of rent due (money) and whatever consequences follow landlord's successful suit would stem from the lease terms themselves." The IAS Court granted plaintiff's cross-motion for leave to amend.

Defendant appealed and by order entered January 13, 1994, obtained a stay from this Court on condition, *inter alia,* that defendant deposit future rent as it becomes due with plaintiff's attorney, that defendant's attorney deliver all past rent being held in escrow to plaintiff's attorney and that plaintiff's attorney hold all of the foregoing sums in escrow. Defendant maintains that it has complied with the foregoing conditions.

The purpose of a *Yellowstone* injunction is to maintain the status quo so that the tenant may challenge the landlord's assessment of its rights without the tenant, during the pendency of the action, forfeiting its valuable property interest in the lease *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 26; *Wilen v Harridge House Assocs.,* 94 AD2d 123, 127). As such, it may be granted on less than the normal showing required for preliminary injunctive relief *(Post v 120 E. End Ave. Corp., supra,* at 25; *Heavy Cream v Kurtz,* 146 AD2d 672, 673; *Fratto v Red Barn Farmers Mkt. Corp.,* 144 AD2d 635, 636-637).

In order to obtain a *Yellowstone* injunction, the tenant-movant must demonstrate that: (1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises *(see, Garland v Titan W. Assocs.,* 147 AD2d 304, 308; *Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390, 394; *Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs.,* 115 AD2d 381).

In the instant action, defendant has clearly satisfied all of the foregoing criteria. The IAS Court, however, denied injunctive relief, without elaboration, on the ground that the alleged default was non-payment of rent. This was error.

Paragraph Fifteenth of the Lease was a conditional limitation which provided, *inter alia,* for the automatic termination of the Lease on the date specified in the notice to cure *(see, TSS-Seedman's, Inc. v Elota Realty Co.,* 72 NY2d 1024, 1026; 2 Rasch, New York Landlord and Tenant §§ 23:29, 23:30 [3d ed]). Plaintiff, rather than commencing a non-payment proceeding pursuant to RPAPL 711 (2), which would have allowed defendant to cure at any time prior to the issuance of a warrant of

eviction (RPAPL 751 [1]), instead chose to serve a notice to cure, a predicate notice to a holdover proceeding, alleging that non-payment was a breach of a substantial lease obligation. This would have allowed the termination of the lease, effectively eradicating defendant's interest in the leasehold, prior to the full adjudication of the parties' rights. As a result, a *Yellowstone* injunction was warranted to preserve the status quo *(Runes v Douglas Elliman-Gibbons & Ives,* 83 AD2d 805; *Grand Liberte Coop. v Bilhaud,* 126 Misc 2d 961, 964).

Defendant, however, is directed to pay all undisputed rent and additional rent due, both past and future, directly to plaintiff while continuing to pay the disputed submetered electrical charges to plaintiff's attorney, to be held in escrow. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.