■ 225 EAST 36TH STREET GARAGE CORP. et al., Appellants, v 221 EAST 36TH OWNERS CORP., Respondent. [621 NYS2d 302] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 1, 1994, which denied plaintiffs' motion for a *Yellowstone* injunction, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the injunction is granted.

Pursuant to a commercial lease dated July 9, 1984 (the "Lease"), plaintiff 225 East 36th Street Garage Corp. ("Garage Corp.") leased certain garage space from defendant-landlord 221 East 36th Owners Corp., a cooperative corporation. The Lease provides for a twenty-year term with a twenty-year renewal option. Section 5.01 of the Lease states, in relevant part, that the tenant has "the absolute right to assign th[e] lease" or sublet all or part of the garage "subject to the obtaining of Landlord's consent which will not be unreasonably withheld or delayed".

In December 1990, Garage Corp. made a written request of defendant for permission to assign the Lease to plaintiff Parker 36 Garage Associates and to sublease the garage to a new operator, plaintiff 221 East 36th Street Parking Corp. No response was forthcoming from defendant-landlord and as a result, the assignment and sublease became effective.

On March 22, 1994, defendant served plaintiffs with a ten-day notice of default, allowing plaintiffs until April 1, 1994 to cure. The notice alleged breaches of substantial obligations of the Lease including: that Garage Corp. had failed to obtain permission to assign the Lease or sublet the premises; that the garage had not been operated in a manner consistent with a high-class multiple dwelling; that the garage door had not been properly maintained or replaced; and that certain noise conditions had not been abated.

Plaintiffs contend that they subsequently made repairs to the garage door, obtained bids for replacement of the door and consulted various garage door companies in an effort to solicit suggestions to further relieve the noise problem. Counsel for the parties thereafter agreed, orally, to an extension of the cure period through April 15, 1994, which was memorialized in a letter from defendant's counsel dated March 31, 1994. The cure period was again extended, orally, through April 25,

1994, which was confirmed in a letter from plaintiffs' attorney dated April 15, 1994.

Plaintiffs assert that counsel for Garage Corp., believing a settlement to be imminent, telephoned defendant's counsel on Friday, April 22, 1994 and requested an extension through April 27, 1994 to finalize the settlement. Plaintiffs' counsel, in an affidavit submitted in support of the motion for a *Yellowstone* injunction, averred that the oral extension was granted. Defendant's counsel, while acknowledging that he spoke to opposing counsel on April 22, asserts that he did not consent to the extension.

On April 26, 1994, defendant served a notice of termination via facsimile transmission and on April 27, 1994, plaintiffs commenced the underlying action and moved for a *Yellowstone* injunction. The IAS Court denied injunctive relief finding that there was insufficient proof the cure period had been extended and that plaintiffs failed to demonstrate a desire to cure the defaults. Plaintiffs appeal and we now reverse.

The purpose of a *Yellowstone* injunction is to maintain the status quo so that a commercial tenant may protect its valuable property interest in the lease while challenging the landlord's assessment of its rights *(Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 26; *Garland v Titan W. Assocs.,* 147 AD2d 304, 307; *Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assocs.,* 115 AD2d 381, 382; *Podolsky v Hoffman,* 82 AD2d 763).

It is well settled that in order to obtain a *Yellowstone* injunction, the moving party must demonstrate that: (1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises *(Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating,* 205 AD2d 421, 423; *Garland v Titan W. Assocs., supra,* at 308; *Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390, 394; *Herzfeld & Stern v Ironwood Realty Corp.,* 102 AD2d 737).

Further, the courts, in granting *Yellowstone* relief, require far less than the showing normally required for obtaining preliminary injunctive relief *(Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating, supra,* at 423; *Sloan's Supermarkets v Barbellen Props. Corp.,* 184 AD2d 337; *Heavy Cream v Kurtz,* 146 AD2d 672, 673).

In the matter before us, there is no dispute that plaintiffs hold a commercial lease and that they received a ten-day notice of default. In addition, plaintiffs contended that they had made efforts and cured some of the purported breaches and that they were continuing to take various steps to remedy the other alleged defaults. The foregoing, in our view, satisfies the requirement that the plaintiffs have the desire and ability to cure.

Lastly, it was error for the IAS Court to find that the sworn statements of plaintiffs' counsel were insufficient proof that an oral two-day extension had been granted, especially in light of the ongoing negotiations, the fact that the Lease did not require all communications to be in writing and the affidavits of plaintiffs' principals who attested to both the ongoing negotiations and their surprise upon receiving the notice of termination. Since a *Yellowstone* injunction's primary purpose is to maintain the status quo and as the law does not favor forfeiture of the leasehold *(Herzfeld & Stern v Ironwood Realty Corp., supra,* at 738), the relief should have been granted. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.