■ 425 FIFTH AVENUE REALTY ASSOCIATES, Appellant, v YESHIVA UNIVERSITY, Respondent. [643 NYS2d 542]

The motion court properly held that the terms of the lease permit defendant-landlord, after termination of the lease, to draw on the letters of credit given by plaintiff/lessee as a security deposit. There is no dispute that the lease was properly terminated after plaintiff defaulted upon payment of rent. Section 22.10 of the lease expressly provides that the landlord's rights shall be cumulative and that use of one remedy would not preclude the simultaneous or subsequent use of another. Since the lease also provided for utilization of the security deposit upon an event of default, and further provided that plaintiff remained liable for any rent deficiency for the lease term, the court properly rejected plaintiff's contention that the remedies utilized were mutually exclusive and found that defendant had the right both to terminate the lease and draw down on the letters of credit to secure payment of any deficiency in rent. Where, as here, the lease terms were negotiated by experienced attorneys and business persons, there is no basis "to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (*Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 72). Plaintiff's remaining contentions are without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.