■ TEROSAL PROPERTIES, INC., Appellant, v MICHAEL BELLINO, Respondent. [683 NYS2d 581] —In an action, *inter alia*, for a judgment declaring the parties' rights under a lease and to enjoin the defendant from terminating the lease, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered November 26, 1997, which denied its motion for a *Yellowstone* injunction, and (2), as limited by its brief, from so much of an order of the same court, entered February 2, 1998, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered November 26, 1997, is dismissed, as that order was superseded by the order entered February 2, 1998, made upon reargument; and it is further;

Ordered that the order entered February 2, 1998, is reversed insofar as appealed from, the order entered November 26, 1997, is vacated, the plaintiff's motion for a *Yellowstone* injunction is granted, and the matter is remitted to the Supreme Court, Westchester County, for the imposition of an appropriate undertaking; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the determination of the Supreme Court, the plaintiff tenant amply demonstrated its entitlement to a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) by satisfying the requisite criteria for such an injunction. Specifically, the plaintiff established that: (1) it holds a commercial lease on the premises, (2) it was served by the defendant with a notice to cure a lengthy list of allegedly defective conditions on the property, (3) it timely moved for injunctive relief prior to the expiration of the cure period and termination of the lease, and (4) it has the desire and ability to cure its alleged default by any means short of vacating the premises (*see generally, Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs.,* 224 AD2d 591; *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.,* 211 AD2d 420). With regard to the last criterion, the plaintiff satisfied its burden both by repeatedly indicating in its motion papers that it was willing to repair any defective condition found by the court and by providing proof of the substantial efforts it had already made in addressing the majority of conditions listed in the notice to cure (*see, Manhattan Parking Sys.-Serv. Corp. v House Owners Corp.,* 211 AD2d 534; *225 E. 36th St. Garage*

*Corp. v 221 E. 36th Owners Corp., supra; Jemaltown of 125th St. v Betesh / Park Seen Realty Assocs.,* 115 AD2d 381). The mere fact that the plaintiff challenges the necessity of making the further repairs demanded by the defendant does not negate this showing.

The defendant's contention that *Yellowstone* relief is no longer available to the plaintiff due to the procedural posture of this case is without merit (*see, Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, *affd* 62 NY2d 930; *Fratto v Red Barn Farmers Mkt. Corp.,* 144 AD2d 635).

Accordingly, the plaintiff's motion for a *Yellowstone* injunction is granted, and the matter is remitted to the Supreme Court, Westchester County, for the imposition of an appropriate undertaking (*see, Cohn v White Oak Coop. Hous. Corp.,* 243 AD2d 440). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.