■ GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent, v TAPPS SUPERMARKETS, INC., Defendant, and ANTHONY CONTE et al., Appellants. [721 NYS2d 834] —In an action, *inter alia*, to recover damages for breach of contract, the defendants Anthony Conte, Paul S. Conte, Pasquale Conte, and Pasquale Conte, Jr., appeal from an order of the Supreme Court, Kings County (Pincus, J.), dated September 20, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action arises from the sublease of certain premises to the corporate defendant Tapps Supermarkets, Inc. (hereinafter Tapps), as successor to PAC Supermarkets, Inc. Tapps assigned the sublease, although it remained liable for the rent in the event that the assignee failed to pay. The appellants are the individual shareholders and officers of Tapps. They moved for summary judgment on the ground that the plaintiff could not maintain this action since a notice of termination as specified by the default provisions of the lease was never served upon them. The Supreme Court denied the motion.

The Supreme Court properly determined that the sublease permits the plaintiff to seek rent arrears in a plenary action without first serving the appellants with a notice of termination under the default provisions of the sublease (*see, Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating,* 205 AD2d 421; *Hutton v Malkin,* 138 Misc 560). Section 6.B of the sublease expressly provides that, in addition to all remedies set forth in the sublease, the plaintiff has all remedies available at law which "shall be cumulative and non-exclusive." The Supreme Court properly rejected the appellants' contention that the termination procedures set forth in the sublease were the plaintiff's exclusive remedy (*see, 425 Fifth Ave. Realty Assocs. v Yeshiva Univ.,* 228 AD2d 178). O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.