■ GRENADEIR PARKING CORP., Appellant, v LANDMARK ASSOCIATES, Respondent. [726 NYS2d 80] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about May 24, 2000, which, in an action by plaintiff tenant for an injunction compelling defendant landlord to remove certain gates allegedly blocking the tenant's access to the premises, granted the landlord's motion for leave to amend its

answer so as to include counterclaims for a declaration that the lease is terminated by reason of the tenant's breach thereof and for ejectment, unanimously modified, on the law and the facts, to deny leave to plead counterclaims seeking a declaration that the lease is terminated and ejectment, and otherwise affirmed, without costs.

Under the lease, the tenant is obligated to periodically pay a percentage of its operating profit to the landlord, and, in order to allow the landlord to verify the tenant's accounting of such profit, the tenant is required to keep and maintain certain records for six years, and to deliver them to the landlord at specified times and places. The landlord is entitled to a declaration as to whether the tenant is in breach of the lease by reason of its failure to deliver the records called for in the profit-sharing clause. We reject the tenant's argument that it has been prejudiced by the landlord's delay in asserting this alleged breach. Indeed, this aspect of the landlord's proposed counterclaims is little more than a restatement of its original counterclaim, reiterated in the proposed amended answer, "for declaratory relief compelling [the tenant] to deliver to [it] all Records pertaining to receipts, [and] to account for all monies due * * * and to deliver all monies wrongfully withheld." However, in other respects, the motion to amend should have been denied. Under the lease, the tenancy cannot be terminated unless the tenant is served with a seven-day notice to cure specifying the nature of the default, to be followed by service of a three-day notice of cancellation. As it does not appear that such notices have been served, the lease remains in effect and the landlord has no cause of action for ejectment. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.