■ HEON LEE, Appellant, v TT & PP MAIN STREET REALTY CORP., Respondent. [729 NYS2d 775] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not in breach of the terms of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated January 4, 2001, which denied his motion for a preliminary injunction enjoining the defendant from terminating the lease pending resolution of the action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to

Supreme Court, Queens County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The defendant landlord served a notice to cure on the plaintiff tenant alleging, among other things, that he was in breach of the terms of the parties' lease agreement by operating a computer game facility or video arcade without a license. The plaintiff commenced this action, *inter alia*, for a judgment declaring that he was not in breach of the terms of the lease. The Supreme Court denied his motion for a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630), holding that the plaintiff was obligated to obtain a license pursuant to the provisions of the Administrative Code of the City of New York governing amusement arcades (*see, Administrative Code § 20-211 et seq.*). We reverse.

A tenant requesting a *Yellowstone* injunction must demonstrate that (1) he holds a commercial lease, (2) he received a notice of default, notice to cure, or threat of termination of the lease, (3) he requested injunctive relief prior to the termination of the lease, and (4) he is prepared and has the ability to cure the alleged default by any means short of vacating the premises (*see, Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 93 NY2d 508, 514; *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420). Here, the plaintiff demonstrated a desire and an ability to cure the alleged defaults listed in the notice to cure (*see, Terosal Props. v Bellino*, 257 AD2d 568).

Accordingly, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the fixing of an appropriate undertaking pursuant to CPLR 6312 (*see, Terosal Props. v Bellino, supra; Cohn v White Oak Coop. Hous. Corp.*, 243 AD2d 440). Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.