OPINION OF THE COURT
Per Curiam.
Final judgment entered February 1, 2002 reversed, with $30 *347 costs, and final judgment granted in favor of tenant dismissing the holdover petition.
The dispositive issue on this appeal is whether service of a 10-day notice to cure which gave tenant less than 10 days to cure an illegal sublet was a sufficient predicate notice to permit landlord to terminate the tenancy and commence a holdover summary proceeding. We find that it was not; that the tenancy was not properly terminated; that the lease remains in effect; and, accordingly, that the judgment should be reversed and the petition dismissed.
Except in circumstances where a cure is impossible (see, e.g., 326-330 E. 35th St. Assoc. v Sofizade, 191 Misc 2d 329 [App Term, 1st Dept 2002]), where a landlord fails to serve a requisite notice to cure, the lease remains in effect and the tenancy cannot be terminated (Grenadeir Parking Corp. v Landmark Assoc., 283 AD2d 379, 380 [2001]). Landlord’s failure to serve the notice to cure at least 10 days prior to the date listed for a cure is fatal to the summary proceeding. (See, ATM One v Landaverde, 190 Misc 2d 76 [App Term, 2d Dept 2001].)
Tenant, who was without an attorney at the time he answered and at trial, made the following statement in his answer:
“The petitioner has stated that a ten-day (10) notice to cure was mailed on November 21, 2001 giving the respondent till November 30, 2001 to cure alleged violation. By definition that is nine days. Furthermore, there is no detailing of what paragraph 15 of the proprietary lease and § 226-b are, and how these two items relate to allegations 1, 2, and 3 stated in that document. Furthermore the last paragraph states ‘if you fail to cure this violation before November 30th of 2001, another notice will be sent to you terminating your tenancy and lease. Etc.’ This is confusing to say the least. First the notice states that it is a ten (10) day notice to cure. Then it is dated as November 6, 2001. Then is [sic] states in the second paragraph that ‘you must cure the violation no later than the 30th of November — that date being at least ten (10) days from the date of this notice.’ By the petitioner’s own admission in his affidavit — the notice was mailed on November 21, 2001. That would make it impossible to achieve, not to mention the numerous *348 contradictions stated above.” (Emphasis in original.)
Civil Court failed to give effect to the pro se tenant’s defense raised not only by his answer to the petition, but by his statement at trial: “I received the papers from Novak [sic] Edelstein & Lubell, a ten day notice to cure and I returned a reply to them dated November 28, which I heard nothing in response from them.” Although the housing judge later stated, “There is an answer that you served and filed, okay * * * Certainly a defense could be the legal argument that an improper predicate notice was served, okay, and we will get into that later in the trial,” the landlord never offered a legal argument to counter tenant’s defense. Tenant stated in his summation, “Your Honor, furthermore, I even questioned how this case was heard by this court, as I raised an objection that there was no 30 day notice to terminate and holdover requires — * * * Requires that a 30 day notice of termination, that notice was not served. I further stated that the ten day notice to cure was defective * * (Emphasis added.) Landlord never addressed tenant’s statement that he replied to landlord’s attorney on November 28, never addressed tenant’s claim that the 10-day notice to cure was defective and never explained why it delayed sending the notice, which was dated November 6, 2001 until November 21, 2001. “[C]ourts generally allow pro se litigants some leeway in the presentation of their case” (Stoves & Stones v Rubens, 237 AD2d 280 [1997]; see also, Matter of Village of Attica v Nutty, 184 AD2d 1057 [1992]). It is evident from the record that tenant did not waive the issue of timeliness of service of the notice to cure, but sufficiently preserved the issue for resolution by the court.
Suarez, P.J., McCooe and Gangel-Jacob, JJ., concur.