■ DUANE READE, Appellant, v HIGHPOINT ASSOCIATES IX, LLC, Respondent. [768 NYS2d 439]—

Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered May 13, 2003, which denied plaintiff's motion for a *Yellowstone* injunction, declared plaintiff in violation of its lease, and granted defendant's cross motion to dismiss the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff's motion for a *Yellowstone* injunction and granting plaintiff leave to file an amended complaint, and otherwise affirmed, without costs.

The sublease of part of the premises for use as a thrift shop did violate the use provisions of the lease, which prohibited, among other things, the operation of a "secondhand," cooperative or "surplus" store, or a "discount" house, in the premises. However, plaintiff satisfied the criteria for the issuance of *Yellowstone* relief, having established that it held a commercial lease, received a notice of default, timely requested injunctive relief, and stated its preparedness and ability to cure the alleged default (*225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420, 421 [1995]). The readiness to cure was in the form of a notice of default that plaintiff issued to its subtenant, which threatened termination of the sublease unless the use violation were cured within five days. Clearly, the existence of the subtenant's business operation itself constituted the violation, and only termination of that sublease would satisfy the obligation to cure.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.