TRUMP ON THE OCEAN, LLC, Respondent, v CAROL ASH et al., Appellants. [916 NYS2d 177]—

In an action, inter alia, for a judgment declaring the plaintiff's rights and obligations under a lease with the New York State

Office of Parks, Recreation and Historic Preservation which, inter alia, requires the plaintiff to design, construct, and operate a restaurant at Jones Beach State Park, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 25, 2009, which (a) granted that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin the defendants from demanding or collecting rent, (b) granted that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin the defendants from declaring a default under the lease based on the plaintiff's failure to maintain a capital performance bond, and (c) granted that branch of the plaintiff's motion which was for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) enjoining the defendants from terminating the lease pending the determination of this action and tolling the deadline for the completion of construction.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin the defendants from demanding or collecting rent, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin the defendants from declaring a default under the lease based on the plaintiff's failure to maintain a capital performance bond, and substituting therefor a provision denying that branch of the motion, and (3) deleting the provision thereof granting that branch of the plaintiff's motion which was for a *Yellowstone* injunction tolling the deadline for the completion of construction, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The facts leading up to the commencement of the present action are more fully set forth in this Court's decision and order on a prior appeal in a related proceeding (*see Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d 1080 [2010], *lv granted* 2010 NY Slip Op 90291[U] [2010]). Briefly, in September 2006, Trump on the Ocean, LLC (hereinafter Trump) entered into a 40-year lease with the New York State Office of Parks, Recreation and Historic Preservation (hereinafter OPRHP), which, among other things, required Trump to design, construct, and operate a restaurant and catering facility on the site of the former Boardwalk Restaurant at Jones Beach State Park.

After the Hudson Valley Board of Review (hereinafter the Board) denied Trump's application for a variance from certain provisions of the 2002 edition of the Building Code of New York State, a component of the Uniform Code (*see* 19 NYCRR 1219.1, 1221.1), pertaining to the construction of a building in a flood hazard area that is subject to high velocity wave action, Trump commenced a hybrid proceeding pursuant to CPLR article 78 to review the Board's determination and action for specific performance and related injunctive relief against various New York State agencies and government officials. In a judgment dated December 1, 2008, entered upon a decision dated October 21, 2008, the Supreme Court, Nassau County, inter alia, annulled the Board's determination on the ground that it was arbitrary and capricious. In a decision and order dated September 28, 2010, this Court, by a three-to-one vote, modified the judgment by adding a provision thereto remitting the matter to the Board to grant the variance subject to any reasonable conditions it deemed appropriate and otherwise affirmed the judgment insofar as appealed from (*see Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d at 1080).

In March 2009, while the prior appeal was pending before this Court, Trump commenced the present action against OPRHP and several government officials seeking, among other things, declaratory and injunctive relief to suspend certain obligations under the lease, including the obligation to pay rent and maintain a capital performance bond during the period of construction delay. In the order appealed from dated August 25, 2009, the Supreme Court granted those branches of Trump's motion which were for a preliminary injunction pursuant to CPLR 6301 and for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]).

Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly (*see McLaughlin, Piven, Vogel v Nolan & Co.*, 114 AD2d 165, 172 [1986]). As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). In exercising that discretion, the Supreme Court must determine if the moving party has established: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007]; *Matter of Merscorp, Inc. v Romaine*, 295 AD2d 431, 432 [2002]; *Albini v Solork Assoc.*, 37 AD2d 835 [1971]).

The Supreme Court improvidently exercised its discretion in granting those branches of Trump's motion which were pursuant to CPLR 6301 to preliminarily enjoin the defendants from demanding or collecting rent and to preliminarily enjoin the defendants from declaring a default under the lease based on the plaintiff's failure to maintain a capital performance bond. Since Trump's alleged damages are compensable in money damages and capable of calculation, Trump failed to establish the element of irreparable harm (*see Mar v Liquid Mgt. Partners, LLC*, 62 AD3d 762, 763 [2009]; *EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2007]; *SportsChannel Am. Assoc. v National Hockey League*, 186 AD2d 417, 418 [1992]). Moreover, Trump failed to demonstrate that the alleged harm was imminent, and not remote or speculative (*see Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739-740 [2010]; *Golden v Steam Heat*, 216 AD2d 440, 442 [1995]). Here, the payment of rent and the cost of maintaining the capital performance bond during any period of construction delay caused by OPRHP is measurable and can be compensated by money damages. Moreover, Trump's vague and conclusory allegations that its principals would suffer harm to their business reputations were not sufficient to establish irreparable injury (*see Copart of Conn., Inc. v Long Is. Auto Realty, LLC*, 42 AD3d 420, 421 [2007]; *Neos v Lacey*, 291 AD2d 434 [2002]).

In granting *Yellowstone* injunctions, however, courts have generally accepted far less than the showing normally required for the grant of preliminary injunctive relief (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 25 [1984]; *Garland v Titan W. Assoc.*, 147 AD2d 304, 307 [1989]). The purpose of a *Yellowstone* injunction is to maintain the status quo until the merits of a landlord/tenant dispute are resolved in court (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514-515 [1999]). A tenant requesting a *Yellowstone* injunction must demonstrate that: (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to the termination of the lease, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises (*see Graubard Mollen Horowitz Pomeranz & Shapiro*, 93 NY2d at 514; *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420, 421 [1995]; *Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating*, 205 AD2d 421, 423 [1994]).

Although the Supreme Court properly granted that branch of Trump's motion which was for a *Yellowstone* injunction prevent-

ing OPRHP from terminating the subject lease pending a determination on the merits of this action, the Supreme Court improperly exceeded the purpose of a *Yellowstone* injunction by impermissibly rewriting the terms of the lease by extending the deadline for the completion of construction (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d at 514-515; *Global Bus. School, Inc. v R.E. Broadway Real Estate, II, LLC*, 38 AD3d 451 [2007]; *SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]). Dillon, J.P., Balkin, Eng and Belen, JJ., concur. **[Prior Case History: 24 Misc 3d 1241(A), 2009 NY Slip Op 51837(U).]**