■ 276-43 GOURMET GROCERY, INC., Doing Business as LUCKY STAR CAFÉ, Respondent, v 250 WEST 43 OWNER LLC et al., Appellants. [38 NYS3d 187]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 3, 2016, which granted plaintiff tenant's motion for a *Yellowstone* injunction, unanimously modified, on the law and in the exercise of discretion, to condition the continuance of the injunction on plaintiff's moving, within 30 days after service of a copy of this order with notice of entry, to amend the complaint to add a claim with respect to article six of the lease, and otherwise affirmed, without costs.

The four requirements for a *Yellowstone* injunction are set forth in *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.* (93 NY2d 508, 514 [1999]). Contrary to defendants' claim, there is no fifth requirement that the tenant's complaint contain a claim for a declaration of rights with respect to the lease violations mentioned in the landlord's notice to cure. We note that, in the case at bar, defendants' first counterclaim deals with one of the two grounds mentioned in the notice to cure (article 43 of the lease). However, none of the pleadings deals with the other ground mentioned in the notice to cure (article six of the lease). Since the purpose of a *Yellowstone* injunction is to stay "the cure period before it expire[s] to preserve the lease" until resolution of the dispute on the merits (*Graubard*, 93 NY2d at 514), we exercise our discretion (*see e.g. 225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420 [1st Dept 1995]) to condition the continuance of the injunction upon plaintiff's moving, within the time period indicated, to amend the complaint to add a claim with respect to article six. We note that plaintiff has evinced a willingness to amend its complaint.

Defendants' contention that plaintiff's unclean hands bar it from obtaining the equitable relief of an injunction is preserved but unavailing, since defendants made no showing that they had been injured by plaintiff's allegedly obtaining a liquor license under false pretenses (*see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]). Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.