259 E Broadway LLC v 259 E. Broadway Assoc., LLC (2023 NY Slip Op
50061(U))

[*1]

259 E Broadway LLC v 259 E. Broadway Assoc.,
LLC

2023 NY Slip Op 50061(U) [77 Misc 3d 1228(A)]

Decided on January 25, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 25, 2023
Supreme Court, New York County

259 E
Broadway LLC, Plaintiff,

against
259 East Broadway Associates, LLC,
Defendant.

Index No. 654788/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion
001) 3, 18, 21 were read on this motion for INJUNCTION/RESTRAINING
ORDER.
In this commercial tenancy dispute, plaintiff moves, pursuant to CPLR 6301, for a
preliminary injunction and a Yellowstone injunction to prevent defendant,
landlord, from terminating its lease.
The purpose of a Yellowstone injunction is to maintain the status quo so that
a commercial tenant may protect its property interest in the lease while challenging the
landlord's assessment of its rights (225 E. 36th St. Garage Corp. v 221 E. 36th
Owners Corp., 211 AD2d 420, 421 [1st Dept 1995]). A tenant seeking
Yellowstone relief must demonstrate that: (1) it holds a commercial lease, (2) it
has received from the landlord a notice of default, notice to cure, or threat of termination
of the lease, (3) its application for a temporary restraining order was made prior to
expiration of the cure period and termination of the lease, and (4) it has the desire and
ability to cure the alleged default by any means short of vacating the premises (225 E.
36th St. Garage Corp. v 221 E. 36th Owners Corp., 211 AD2d 420, 421 [1st Dept
1995]).
Here, tenant challenged the sufficiency of the notice to cure, and manner of service.
Tenant alleged that landlord failed to comply with article 82 of the lease, that required all
notices to tenant be served in writing and delivered to a specific address (NYSCEF doc.
no. 8, pg. 25). In opposition, Landlord concedes that the notice to cure was improperly
served in accordance with the lease's notice provisions (NYSCEF doc. no. 21, para.
16).
Except in circumstances where cure is impossible, where landlord fails to serve
requisite notice to cure, the lease remains in effect and the tenancy cannot be terminated
(2215-75 Cruger Apartments, Inc. v Stovel, 769 NYS2d 347 (1st Dept App.
Term 2003).
The notice, therefore, is a legal nullity and there is no justiciable controversy for this
court to consider (Zwarycz v
Marnia Const., Inc., 102 AD3d 774, 776 [2nd Dept 2013][a justiciable
controversy must involve a present, rather than hypothetical, prejudice. The dispute must
be real, definite, substantial, and sufficiently matured so as to be ripe for judicial
determination]).
Accordingly, it is hereby
ORDERED that plaintiffs request for injunctive relief and a Yellowstone injunction
is denied as moot.
DATE 01/25/2023
ROBERT R. REED, J.S.C.